## JONES v. HATCHETT & BROTHER.

1. An agreement to store cotton in a fire proof warehouse, does not devolve on the warehouseman the necessity of providing water, and buckets, for the extinguishment of fire, there being no such term in the contract, or custom among warehousemen.
2. Opinions of a witness are not in general admissible, he must state facts.
3. It is admissible to prove. that the burning of a warehouse was generally known in the town where it was situated, to bring home a knowledge of the fact, to one who had cotton destroyed by the fire, who lived within twenty or twenty-five miles of the place, and traded in it, and two months after the fire, executed his note for an advance on the cotton.

Error to the Circuit Court of Tallapoosa. Before the Hon. G. W. Stone.

Assumpsit by the defendants in error, on a promissory note which was given by the plaintiff in error, for an advance on cotton stored in plaintiff's warehouse, which was destroyed by fire.

It was proved that the plaintiff had advertised to the public generally, that during the spring and summer of 1844, he had gone to great expense in building a fire proof cotton warehouse, in which he would be ready to receive cotton in store by the 1st October, 1844. The defendant's cotton was delivered in the warehouse about 1 January, 1845.

Proof having been given of the construction of the warehouse of the plaintiff, the defendant then proved the construction of the warehouse of one Thomas, on the opposite side of the street, and admitting that it was not the custom of the warehousemen in Wetumpka to keep a cistern, or pit of water, or water buckets in their warehouses, offered to prove, there was such a cistern, or pit of water in the warehouse of Thomas, together with water buckets, by means of which seven or eight hands were enabled to put out the sparks of fire which fell upon, and set the cotton bales on fire. The court refused to admit this proof, and the defendant excepted.

The court also refused to permit a witness to testify that he thought the cotton could have been saved, but for the distance they had to go for water, and the defendant excepted.

The plaintiff proved, that when the note sued on was given, about two months after the fire, the defendant was in Wetumpka, and that the fact of the burning of plaintiff's warehouse was notorious in Wetumpka; and that the defendant resided within twenty, or twenty-five miles of Wetumpka, and did his marketing there. To this testimony the defendant objected, but the court overruled it, and he excepted.

The matters of law arising out of the bill of exceptions are now assigned as error.

J. FALKNER, for plaintiff in error.

S. F. RICE and J. T. MORGAN, contra.

COLLIER, C. J.—1. It cannot be inferred from the facts recited in the bill of exceptions, that the plaintiffs were

obliged by the stipulation under which they received the defendant's cotton on storage, to keep a cistern or other receptacle for water in their warehouse, with buckets suitable to extinguish fire, such as appertained to Mr. Thomas's warehouse. They were bound to observe *ordinary diligence* in taking care of cotton committed to their keeping, and if they did not, they should be charged with the loss. It was conceded that the custom existing among the warehousemen did not require that their establishments should be provided with water and buckets ; and to have authorized the court to admit evidence to show, that the arrangements of Mr. Thomas's house furnished a greater security against fire, proof that *ordinary diligence* demanded such precautions should have been adduced. Upon this point the preliminary proof was at fault in not showing that the defendant was promised the same security as Mr. Thomas's house afforded, or that such security was usual, or the want of it amounted to negligence, and the testimony in respect to Mr. T's warehouse, was rightfully excluded.

2. The opinions of a witness are not *in general* admissible, as has been often decided by this and other courts ; but he must state facts, and leave it to the jury to draw their own inferences from them. Here it was allowable for the witness to state the facts in relation to the commencement and progress of the fire, the efforts made to extinguish it, &c., but the defendant could not avail himself of the witness's opinions upon the considerations they suggest. See Hatchett & Bro. v. Gibson at the last term.

3. There can be no well founded objection to the proof offered by the plaintiff, that the defendant resided within a certain distance of Wetumpka, and traded there, and that the facts connected with the burning of the plaintiff's warehouse were notorious in that city. This evidence was intended to countervail the defence, by laying before the jury a predicate from which they might infer that the defendant, with a full knowledge of the circumstances, gave his note. To have

94

made it *admissible*, it was not essential for the plaintiff to show, that he had made a special communication—the jury might, without such fact being proved, infer a knowledge. The testimony we have seen was pertinent, and *admissible*, and it could not have been rejected by the judge, even if he had supposed it *insufficient*.

Neither party prayed the instructions of the court upon the evidence before the jury, and the view taken being decisive of the case, the judgment of the circuit court is affirmed.

CHILTON, J., not sitting.