# Garrett *v.* The State.

*Indictment for Murder.*

1. *Competency of juror opposed to capital punishment on circumstantial evidence.*—Where the indictment charges a capital felony, a person summoned as a juror, who states on his *voir dire* "that he would convict on circumstantial evidence, but would not hang on such evidence" (Code, § 4883), may be challenged for cause by the State.

2. *Proof of former quarrel, as showing malice.*—The fact of a previous altercation or difficulty between the accused and the deceased, is competent evidence, as tending to show malice, ill-will, or a motive for the killing; but the particulars or merits of that difficulty can not be inquired into.

3. *Same; declarations of third person at former difficulty.*—The declarations of a bystander at the time of the previous altercation or difficulty, which occurred several hours before the killing, are too remote from the homicide to be admissible as a part of the *res gestæ*, and, if illustrating the nature of the former difficulty, would not be competent or admissible as evidence against the defendant; but the declaration of the defendant's wife, made in his presence and hearing at the time of the former difficulty, addressing him by name, and telling him not to have any difficulty with the deceased, does not relate to the particulars of the occurrence, but only tends to prove the fact, and is admissible as evidence against the defendant.

4. *Proof of identity.*—Identity of name is presumptive of identity of person, in the absence of evidence showing that the name is borne by two or more persons in the same neighborhood or community.

5. *Same; implied admission.*—When it becomes material to prove the identity of the accused as the person who committed the offense, any declaration addressed to him, tending to establish such identity, and admitted by his conduct or silence to be true, is competent evidence.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The defendant in this case, Allen Garrett, was indicted for the murder of Charles J. Floyd, by shooting him with a gun; and was tried on issue joined on the plea of not guilty. On the trial, as appears from the bill of exceptions, a person regularly summoned and drawn as a juror, being examined on his *voir dire* by the court touching his qualifications as a juror, "was asked, if he thought a conviction should not be had on circumstantial evidence; to which he answered, that he would convict on circumstantial evidence, but that he would not hang on such evidence." Thereupon, he was challenged as incompetent by the State, and the challenge was allowed by the court; to which ruling an exception was reserved by the defendant.

[Garrett v. The State.]

"The State introduced evidence tending to show that the defendant killed the deceased, on Friday, March 28, 1884, under circumstances which constituted murder in the first degree; but there was a conflict in the testimony, as to whether or not the defendant was the person who committed the crime. The State's witnesses testified, that the deceased was killed by the defendant as aforesaid, about four o'clock on the afternoon of that day; that about eleven o'clock on the morning of that day, the defendant and wife were on the premises of the deceased, who ordered them off; that the defendant and the deceased then got into an altercation, and defendant was struck by the deceased; and that defendant's wife then exclaimed: '*Mr. Garrett, don't you and Mr. Floyd have any difficulty, Mr. Garrett, you take me home.*' There was a conflict in the testimony, as to the identity of the defendant as the person who was on Floyd's place at the time of this difficulty, and also at the time of the homicide. The State offered the above declarations as part of the *res gestœ*, and to identify the defendant as the person who did the killing. The defendant objected to the declarations of the woman, as above stated, and moved to exclude them from the jury;" and he duly excepted to the overruling of his motion and objection. The bill of exceptions adds: "This was, substantially, all the evidence."

W. S. Thorington, and J. M. Falkner, for appellant. (1.) The statute allowing challenges to the State, in criminal cases, is in abridgment of the rights of the accused, and must be strictly construed. The excluded juror did not come within its terms: he did not have a fixed opinion against capital or penitentiary punishments, and he was not unwilling to convict on circumstantial evidence (Code, § 4883); and to hold him incompetent, because he "would not hang on such evidence," would greatly enlarge the statutory grounds of challenge. (2.) The declarations of the woman, made in the morning, four or five hours before the killing, were not admissible as part of the *res gestœ* connected with the killing.—1 Greenl. Ev. § 108, note 2; *Gandy v. Humphries*, 35 Ala. 624; *Tompkies v. Reynolds*, 17 Ala. 118; *Enos v. Tuttle*, 3 Conn. 250; *Farner v. Turner*, 1 Clarke (Iowa), 54. Nor were they admissible to identify the defendant.—1 Brick. Dig. 843, § 554.

T. N. McClellan, Attorney-General, for the State, cited the following cases: (1.) As to the incompetency of the excluded juror: *Shafer v. The State*, 7 Texas App. 239; *State v. West*, 69 Ala. 401; Thompson on Juries, § 202. (2.) As to the admissibility of the declarations which were admitted: *Lander v. People*, 104 Ill. 256; *Ordway v. Sanders*, 58 N.

H. 133; *Baker v. Gausin*, 76 Ind. 317; *Rollins v. Strout*, 6 Nev. 150; *People v. Murphy*, 45 Cal. 137; *Mack v. The State*, 48 Wisc. 271.

CLOPTON, J.—The statutes prescribing qualifications of jurors, and causes of challenge, were designed to obtain a trial by an intelligent, competent and impartial jury. They were enacted, not solely to preserve the rights of the defendant, by securing to him a fair trial, but also to procure a due and proper enforcement of the law, for the protection of the rights and the safety of the community. The purpose of the statutes is, to secure to the defendant, and to the State, the right of rejecting unfit persons as jurors. To give to the State the right to an impartial jury, and to reject persons who, from conscientious scruples or otherwise, are incompetent to administer punishment for crime, as exacted by the law, section 4883 of the Code was enacted. It provides: "On a trial for any offense which may be punished capitally, or by imprisonment in the penitentiary, it is a good cause of challenge by the State, that the person has a fixed opinion against capital or penitentiary punishments, or thinks that a conviction should not be had on circumstantial evidence."

During the selection of a jury for the trial of the defendant, who was indicted for murder, a person summoned as a juror, on being examined by the court as to his qualifications, answered, that "he would convict on circumstantial evidence, but would not hang on such evidence." To the offense of murder in the first degree, the law attaches the penalty of death, or imprisonment for life in the penitentiary, at the discretion of the jury. The design and policy of the law are, that persons convicted of murder in the first degree shall, in a proper case, suffer death; but the law-makers, knowing that the circumstances would vary in different cases—in some mitigating the guilt, though not sufficient to reduce the degree of the offense —and that the death penalty may be too severe, or unnecessary, left to the jury, from a tender regard for human life, a wise and large discretion as to the punishment. The policy of the law, and the purpose of this discretion, would be defeated, if a person is permitted to serve as juror whose conscience is antagonistic to the utmost penalty prescribed by the law, where the facts demand its infliction. A juror who can not conscientiously affix the penalty of death, where a conviction is had on circumstantial evidence, is not qualified to exercise the discretion vested in him by the law, and does not possess the fitness contemplated by the statute. Under no circumstances could his sentence, in such case, be more than imprisonment for life.

It is insisted that section 4883 must be strictly construed, as

[Garrett v. The State.]

in abridgment of the rights of the defendant; and that the juror meets the requirements of the statute, when he is willing to *convict* on circumstantial evidence. This construction is too narrow. The right of the defendant is a trial by a fair and impartial jury. He has no right, secured by the organic or any law, to be tried by a jury, who, from scruples or prejudice, will not administer the law, or execute its penalties. Conviction of crime and its punishment are, in contemplation of law, inseparable. If the construction contended for were adopted and acted on, the penalty of death would, in cases of circumstantial evidence, be virtually eliminated as a consequence of conviction. The legislature, in fixing the disqualifications of jurors in criminal cases, had in view the criminal law, which attaches different grades of punishment to the same offense, and contemplated the punishment, as well as the mere verdict of guilty. A judgment of guilty, without consequent punishment, would be vain and nugatory. The law having enacted that murder in the first degree is punishable with death, a person who will not affix this penalty, because of his opinion that it should not be done when the conviction is on circumstantial evidence, is incompetent to serve as a juror, unless the cause of challenge is waived by the State. This question was expressly decided, in accordance with these views, in *Jackson v. State*, 74 Ala. 26.—*People v. Tanner*, 2 Cal. 258; *Greenley v. State*, 60 Ind. 141; *State v. West*, 69 Mo. 401; *Caldwell v. State*, 41 Tex. 86; *Smith v. State*, 55 Ala. 1; *Waller v. State*, 40 Ala. 325.

It is permissible to prove previous altercations or combats between the accused and the deceased, as tending to show malice, ill-will, or a motive for the killing. The object of such evidence is the fact of the previous difficulty, and collateral inquiries into the particulars, details or merits, are not allowable. *Gray v. State*, 63 Ala. 66; *McAnally v. State*, 74 Ala. 9. *Res gestæ* consists of such circumstances, or declarations, as arise from a main or principal fact, are cotemporaneous with it, so as to be regarded a part of the transaction, and serve to illustrate its character. The main fact is the homicide. Declarations of a bystander, made several hours previously, on the occasion of an altercation between the parties, are not sufficiently coincident in point of time with the main fact to form part of the *res gestæ:* and if they served only to illustrate the nature of the previous difficulty, they would not be admissible, since its details or merits can not be made the subject-matter of investigation. The declaration of the wife of the defendant, made at the time of the antecedent quarrel or combat, do not serve to explain the particulars or merits, but tended to prove

the *fact*, and having been made in the presence and hearing of the accused, were, for this purpose, admissible.

It also appears that there was a conflict in the testimony, whether the defendant was the person who was on the premises of the deceased at the time of the altercation during the morning of the day of the killing, and, also, who was there at the homicide. The identity of the defendant with the person who did the shooting was a material question. Identity of name is presumptive of identity of person, where there are not two or more persons in the same community or vicinity bearing the same name.—*Gitt v. Watson*, 18 Mo. 274; 2 Whar. on Ev. § 1273. In the absence of any showing of the nature and extent of the conflict in the testimony, we must presume that the name of the defendant tended to identify him as the person who had the previous difficulty with the deceased, and who had a motive, or incentive to do the killing, and as the person who committed the homicide. The accused having been addressed by his wife, at the time and place of the altercation, by a particular name, and his acquiescence, is some evidence that such is his name, its sufficiency to be determined, under all the circumstances, by the jury. Whenever, on the trial of a cause, it becomes material to prove the identity of the accused with the person who committed the offense, it is competent to show any declaration addressed to the defendant, tending to prove such identity, which, by his conduct, he admitted to be true.

Affirmed.