# Birmingham Railway & Electric Co. v. Jackson.

*Action against Street Railroad Company to Recover Damages for Personal Injuries.*

1.  *Action against street railroad company for personal injuries; admissibility of evidence.*—In an action against a street railroad company to recover damages for personal injuries caused by the plaintiff being run over by one of the defendant's cars at a point where a railroad track crossed the defendant's

track, where the evidence shows that an engine was standing on the railroad track a few feet from the defendant's track, and where it was shown that in stepping upon the track of the defendant the plaintiff was guilty of negligence, the error on the part of the court in allowing the plaintiff as a witness to testify that he had to step on the defendant's track in order to cross the railroad track in front of the engine standing thereon, is error without injury, and will not work a reversal of a judgment in favor of the plaintiff.

2. *Same; same.*—In such a case it is competent for plaintiff to testify that he did not become aware that the car on the defendant's track was moving on him or towards him before it struck him.

3. *Same; same.*—In such a case it is not competent for a witness who saw the accident to testify, in answer to the question did he "see the motorman do anything to stop?" that the motorman "was doing all he could"; such answer not being responsive to the question.

4. *Wanton or intentional injury; when shown to exist.*—When an employe in charge of a street car runs it at a high rate of speed and without signals of approach at a point where such employe has reason to believe there are persons in exposed positions on the track, as over a crossing in a populous district of a city where he knows the public are wont to frequently pass and in great numbers, such employe will be held liable for the probable negligence of running the car in such a manner, and there will be imputed to him reckless intention in reference thereto, and the employer will be liable for injuries resulting therefrom, notwithstanding there may have been negligence on the part of those injured and no fault or negligence on the part of the employe after seeing the danger.

APPEAL from City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This was an action brought by the appelle, A. B. Jackson, against the Birmingham Railway & Electric Company, in which plaintiff claims $20,000.00 damages for personal injuries. The complaint contained three counts.

In the first count it was alleged that the defendant was engaged in operating a line of street cars on Twentieth street between First Avenue and Avenue A in the city of Birmingham, which street was a much frequented public thoroughfare; that on November 21st, 1898, the

plaintiff was upon said street at or near where the tracks of the said street railway cross certain railroad tracks when the defendant "through its servant or agent in charge or control of said car negligently caused or allowed said car to run upon or over plaintiff, and as a proximate consequence thereof plaintiff's leg was broken, his back was injured," etc.

In the second count the negligence alleged was that on said day and at said place as specified in the first count "defendant through its servant or agent in charge or control of said car, negligently failed to properly and sufficiently notify the plaintiff of the approach of said car by ringing the gong or otherwise, and as a proximate consequence of said negligence said car ran upon plaintiff and caused the injuries complained of."

In the third count the negligence alleged was that the "defendant through its servant or agent in charge or control of said car, recklessly and wantonly or intentionally caused the injuries and damages to plaintiff set out in the first count in the manner following, viz: said agent recklessly and wantonly or intentionally caused or allowed said car to run upon plaintiff."

The defendant pleaded the general issue and by special plea set up the contributory negligence of the plaintiff; and upon these pleas issue was joined.

In the trial of the case it was shown that the accident to the plaintiff occurred on Twentieth street, between First Avenue and Avenue A in the city of Birmingham; that defendant's street car tracks at this place crossed the tracks of several railroad companies, and the defendant's tracks are upon the same grade as the sidewalk; that just before the accident a switch engine on the track of the Alabama Great Southern R. R. had blocked up the crossing; that upon the said engine moving back from across the street, the flagman who was stationed there gave a signal to the street car and pedestrians who had been stopped by reason of the street being blocked by the engine, to come on across the railroad tracks; that said engine did not entirely clear the street, but was only from three to six feet away from the track of the defendant; that as the plaintiff was walking around the

engine, going in the same direction in which defendant's car was going, he stepped upon the track of the defendant and was run over by one of the cars operated thereon by the defendant company.

The evidence for the plaintiff tended to show that said car was running from four to six miles per hour; that the gong on the car was not sounded; that the engine was only three to four feet away from the track of the defendant, and that in going around the engine it was necessary for the plaintiff to step upon the track of the defendant.

The evidence for the defendant tended to show that the engine was removed from defendant's track six or eight feet; that there was plenty of space between defendant's tracks and where the engine was standing for pedestrians to pass without stepping on the track of the defendant; that the motorman who was operating the car which ran over the plaintiff, was ringing the gong continuously while passing over the railroad tracks, and that as the plaintiff started towards the railroad track of the defendant the motorman on said car rang the gong violently, and that when the motorman discovered that plaintiff was going to step upon the track he put on the brakes and stopped the car as quickly as he could, the current having been previously turned off. It was shown by the evidence that the place where the accident occurred was in constant and frequent use by pedestrians in crossing said street.

During the examination of the plaintiff as a witness in his own behalf, he was asked the following question: "Tell the jury whether or not you had to get on the electric car track or right at it in order to cross the A. G. S. track that that switch engine was on?" The defendant objected to the question on the ground that it called for a conclusion of the witness. The Court overruled the objection, and the defendant excepted. Witness answered: "Yes, sir."

During the further examination of the plaintiff he was asked the following question: "Had you become aware that it was moving on you or moving towards you

before it struck you?" The defendant objected to the question as calling for a conclusion of the witness and a question that should be left to the jury. The court overruled the objection and the defendant excepted. Witness answered the question, "No, sir."

During the examination of one W. E. Ayers, who testified that he was foreman in charge of the switch engine and that he saw the accident, he was asked the following question: "Did you see the motorman do anything to stop?" Witness answered "Yes, sir, he was doing all he could to stop." The plaintiff moved to exclude this answer. The court sustained the motion and the defendant duly excepted.

Among the charges asked by the defendant to the court's refusal to give each of which the defendant separately excepted, were the following: (2) "If the motorman did all he could after the peril of the plaintiff became manifest to the motorman, to prevent injuring the plaintiff, and you so find from the evidence, you must find your verdict for the defendant." (3) "If the motorman did all a prudent and careful and skillful motorman would have done under the circumstances of the situation, after he discovered the plaintiff's peril, and you so find from the evidence your verdict must be for the defendant." (4) "If you believe the evidence you cannot find for the plaintiff under the first count of the complaint." (5) "If you believe the evidence, you cannot find that the motorman, when he discovered the plaintiff's peril, or was charged with a knowledge of such peril, was indifferent to the consequences." (6.) "If you believe the evidence you must find that the motorman was not guilty of reckless and wanton misconduct." (7) "If you believe the evidence, you must find that the plaintiff was guilty of negligence which proximately contributed to his injury." (10.) "If you believe the evidence you must find that the plaintiff was guilty of negligence which proximately contributed to his injury, and your verdict must be for the defendant." (12) "If you believe the evidence you cannot find for the plaintiff under the third count of the complaint." (13) "The undisputed evidence shows that after the plaintiff last

looked at the street car and before he went upon the street car track, there was injected into the situation, then manifest to him, an element of danger in this, that, before he attempted to get upon the street car track, the street car was started or put in motion and was running towards the place where he went upon the track, and the undisputed evidence shows that before the collision the plaintiff was unaware of this new element of danger, and I charge you, the plaintiff's failure to exercise such care and diligence was negligence which proximately contributed to the injury of the plaintiff, and because of such contributory negligence the plaintiff cannot recover on the first and second counts of the complaint." (14) "You cannot find that the motorman was guilty of willful or intentional wrong unless you believe from the evidence that the motorman intended to injure the plaintiff." (16) "The court charges the jury, it was the duty of the plaintiff, when he approached the street car track, for the purpose of going upon it, to look for approaching cars upon such track, and the omission of this duty by the plaintiff while he was proceeding ten or fifteen feet towards the track, and immediately preceding his going upon the track, which the undisputed evidence shows, is, as a matter of law, negligence on the part of the plaintiff, so contributing to the injury of the plaintiff as to defeat his action counting on the injury as having been produced by the simple negligence of the defendant, or its motorman, and you cannot find for the plaintiff on either the first or second counts of the complaint." (17) "The court charges the jury, that if the jury believe the evidence, the jury must find after the motorman discovered the plaintiff's peril he was guilty of no negligence which proximately contributed to the plaintiff's injury." (18) "The undisputed evidence shows that after the motorman discovered the plaintiff's peril he did all he could to avert his injury." (19) "If, from the evidence you believe that the last time plaintiff looked for approaching cars he was ten or fifteen feet distant from the track upon which the car which struck him was running; and that without looking again for the approaching cars he stepped on the track upon which the car

which struck him was running; that as soon as he step-
ped upon said track, the motorman immediately applied
the brake on the car and did all that he could do to stop
the car; I charge you that you must render your verdict in
favor of the defendant." (23) "I charge you, gentlemen
of the jury, if you believe the evidence, you must find
that the plaintiff was guilty of negligence that proxi-
mately contributed to his injury, and you must find for
the defendant, unless you believe from the evidence that,
when the peril of the plaintiff became manifest to the
motorman, he consciously failed to use preventative ef-
fort to save the plaintiff from harm, when by the exer-
cise of such preventative effort he could have saved him
from harm."

There was verdict and judgment for the plaintiff as-
sessing his damages at $2,000.00. Defendant appeals
and assigns as error the several rulings of the trial court
to which exceptions were reserved.

WALKER, TILLMAN, CAMPBELL & WALKER, for appel-
lants.—*Jones case*, 92 Ala. 218; *Robert v. Burgess*, 85
Ala. 192; *Reeves case*, 96 Ala. 33; *Burgess case*, 114 Ala.
587.

BOWMAN & HARSH, *contra.*—*Alabama Mineral Rail-
road Co. v. Jones*, 114 Ala. 519; *L. & N. R. R. Co. v. Sand-
lin*, 125 Ala. 585; *Culver v. Ala. Midland Ry. Co.*, 108
Ala. 330; *K. C. M. & B. R. R. Co. v. Lackey*, 114 Ala.
166; *Baylor's case*, 101 Ala. 488.

McCLELLAN, C. J.—The testimony of the plaintiff
that he "had to get on the electric car track or right at
it in order to cross the A. G. S. track that that switch
engine was on," was open to the objection interposed to
it by the defendant: It was in form and substance a
mere conclusion of the witness upon facts which were
capable of being fully laid before the jury. The court's
action in allowing it to be adduced was erroneous.—
*Bullock v. Wilson*, 5 Port, 338; *Gibson, v. Hatchett*, 24
Ala. 201; *Jones v. Hatchett*, 14 Ala. 743; *Otis v. Thorn*,
23 Ala. 469; *Tanner's Executor v. Louisville & Nashville*

*Railroad Co.,* 60 Ala. 621, 626, 643; *Birmingham Railway & Elec. Co. v. Baylor,* 101 Ala. 488; *E. T. V. & G. R. R. Co. v. Watson,* 90 Ala. 41; *Reeves v. State,* 96 Ala. 33; *McCutcheon v. Loggins,* 109 Ala. 457.; *A. G. S. R. R. Co. v. Tapia,* 94 Ala. 226; *Baker v. Trotter,* 73 Ala. 277; *Carney v. State,* 79 Ala. 14.

The testimony of the plaintiff that he had not become aware that the car was moving on or towards him before it struck him was not the statement of a conclusion but of a concrete fact. It was not subject to the objection made to it, if to any.

The testimony of Ayers that the motorman was "doing all he could to stop" was illegal. It was not responsive to the question, and hence plaintiff had the right to have it excluded though the question was not objected to. And even had it been responsive to the question the court committed no error in excluding it, though for want of such objection the plaintiff would not have been entitled to have the answer excluded.

The foregoing are the only rulings on evidence assigned as error and discussed in the brief for appellant. There were other exceptions to rulings upon the competency of testimony, but, of course, we have not considered them.

The rulings of the court in refusing charges 2, 3, 4, 5, 6, 7, 10, 12, 13, 14, 16, 17, 18, 19 and 23 requested by defendant are assigned as erroneous, and these assignments are insisted upon in appellant's brief. On the issues of fact presented by the pleadings and upon which there was evidence *pro* and *con,* we are of opinion that the trial court committed no error in any of these rulings. Those issues were, *first,* whether the motorman was guilty of negligence in respect of efforts to avert the disaster after he became aware of the peril of the plaintiff; *second,* whether the motorman consciously failed after he became aware of plaintiff's peril to use all means in his power to avoid running over him; and, *third,* whether the motorman though not aware of plaintiff's peril in time to have avoided injuring him was guilty of reckless and wanton or willful misconduct in

running his car onto that crossing in the manner and under the circumstances some of the evidence tends to show. The crossing appears to be just such a one as is referred to in *Ga. Pac. R'y Co. v. Lee,* 92 Ala. 262, 271, and it was open to the jury to find on the evidence that the motorman was guilty of wantonness in running his car across there at the time and under the circumstances at and under which he attempted to run it, though he may not have been at any fault after he discovered the position of plaintiff and realized the peril of it. Further than is involved in what we have said we deem it unnecessary to discuss the charges referred to.

Reversed and remanded.

### On Application for Rehearing.

On application for rehearing the court has reached the conclusion that the error committeed by the trial court in allowing the plaintiff to answer the question: "Tell the jury whether or not you had to get on the electric car track or right at it in order to cross the A. G. S. track that that switch engine was on?" was without injury to the defendant, since that evidence merely tended to show that the plaintiff was not guilty of negligence, and the case was tried upon the theory that he was guilty of negligence, and charges were given for the defendant declaring that he was guilty of negligence. Upon this consideration the judgment of reversal is set aside and the judgment of the city court will be affirmed.