# Birmingham Railway Light & P. Co. *v.* McLain.

## *Crossing Accident.*

(Decided June 10, 1909. 50 South. 149.)

1. *Street Railways; Persons on Track; Contributory Negligence.* One driving on a street may cross a street railway track, although he sees a car approaching, if he may reasonably suppose that he can cross the track before the car reaches him.

2. *Same; Duty of Motorman.*—Where it becomes apparent to a motorman that one crossing a street car track has miscalculated the distance or has supposed the car was traveling at a lawful

[Birmingham Railway Light & P. Co. v. McLain.]

rate of speed, when in fact, it was traveling faster, or is not aware of the approach of the car, it is the duty of the motorman to slacken the speed of the car to avoid a collision.

3. *Same; Jury Question.*—Where a person was injured as was his horse and vehicle in a collision with a street car, and there was no proof as to how fast the horse walked, and the testimony was in conflict as to how fast the car was moving, it was for the jury to consider how far away the car was when plaintiff attempted to cross, and whether there was anything to prevent plaintiff from discovering the car, or, if plaintiff did fail to see it, and was not traveling straight across the track, but was angling, whether the motorman had reason to believe that he would not clear the track in time, and had time to slacken the speed and avoid the injury.

4. *Evidence; Opinion.*—A witness may be asked whether any effort was made to stop the car, as it called for a fact open to the observation of anyone who saw the motorman.

5. *Same.*—It is not error to permit one to be asked whether one struck by a street car showed any evidence of being injured, as many injuries are patent to the observation of anyone.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by John McLain against the Birmingham Railway, Light & Power Company for personal injuries and injury to a horse and vehicle. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleas interposed to the complaint were the general issue and contributory negligence, for failing to stop, look, and listen, going upon a track when the car was in dangerous proximity, etc. The following charges were refused to the defendant: "(2) If you believe the evidence, the plaintiff was guilty of negligence. (3) If you believe the evidence, you cannot find for the plaintiff under the third count of the complaint." (4) Same as 3 as to the fourth count. "(6) If you believe the evidence, the plaintiff is guilty of contributory negligence."

TILLMAN, GRUBB, BRADLEY & MORROW, and L. C. LEADBETTER, for appellant.—The court should have given the charge asserting that plaintiff was guilty of contributory negligence.—*Peters v. Southern Ry. Co.,* 135

Ala. 522; *M. & C. R. R. Co. v. Martin,* 117 Ala. 362. The court should have given the charge asserting that the plaintiff was guilty of negligence.—*Birm. R. L. & P. Co. v. Clark,* 41 South. 829. The court erred in admitting the evidence objected to by defendant.—*W. U. T. Co. v. Tarrow,* 144 Ala. 618; *Bir. R. & E. Co. v. Jackson,* 136 Ala. 279.

BOWMAN, HARSH & BEDDOW, for appellee.—Defendant's refused charges were asked in bulk, and several of them are bad. Hence, the court properly declined to give it.—*Southern Ry. Co. v. Cunningham,* 44 South. 658; *Southern v. Nowling,* 47 South. 180; *Southern v. Douglass,* 144 Ala. 269. In any event they were properly refused.—Nellis Street Ry. Acci. Law, 339; Same on Street Surface Railroads, pp. 345-6. The court properly permitted the questions objected to.—*K. C. M. & B. v. Matthews,* 142 Ala. 311; *Schafer v. Hausman,* 139 Ala. 237; *Murphy v. The State,* 118 Ala. 137; *Shrimpton v. Brice,* 109 Ala. 640.

SIMPSON, J.—The court did not err in refusing to give the general charge in favor of the defendant. While it is true that the traveler across a street railroad is required to look, before crossing, and it is also true that, if the testimony clearly shows that by looking the plaintiff could have avoided the injury, the court would be justified in giving the general charge in favor of the defendant, notwithstanding the testimony of the plaintiff that he did look (*Peters v. So. Ry. Co.,* 135 Ala. 533, 33 South. 332), yet it is also true that the driver has a right to cross a street railroad track, although he may see a car in the distance, if he may reasonably suppose he can cross before it reaches him, and if it is apparent to the motorman that the driver has miscalculated the

distance or has supposed that the car was traveling at a
legal rate of speed when in fact it was traveling faster,
or is not aware of the approach of the car, and this is
evident to the motorman, it is the duty of the motorman
to slacken the speed so as to avoid the collision.   There
is no proof as to how fast the horse walked, and the tes-
timony is in conflict as to how fast the car was moving.
Consequently it was a question for the jury to consider
how far the car was away, when the plaintiff attempted
to cross.   Also, was there anything in the light, or the
rain, or otherwise, which prevented the plaintiff from
discovering the car, or, if the plaintiff did fail to see it,
or was negligent in not seeing it, and was traveling not
straight across, but "angling," did the motorman have
reason to believe that he would not clear the track, in
time, and did said motorman have time to slacken the
speed and avoid the injury?   Nellis on Str. Surface R.
R. pp. 343-346; Nellis on Str. R. R. Accident Law, § 29,
p. 339 et seq.

The court cannot  say, as a matter  of law,  that the
plaintiff was guilty of contributory negligence.   Hence
there was no error in the refusal to give charges 2 and 6.
For the same reason there was no error in the refusal to
give charges 3 and 4.

There was no error in overruling the objections to the
question to the witness Roland as to whether or not any
effort was made to stop the car.   This did not call for
a mere conclusion of the witness, but for a fact which
was open to the view of any one who saw the motorman.
The witness could  have been cross-examined as  to his
knowledge, etc.   This was very different from the answer
of the witness in the case of *B'ham. Ry. & Elec. Co. v.
Jackson,* 136  Ala.  279,  34  South.  994,  that "he
was doing all  he could."  The  court did  not hold,  in
that case, that the question was improper, but that the

answer, if it had been responsive to a proper question, would have been improper.

There was no error in overruling the objection to the question to the witness Lucchussi as to whether the plaintiff showed any evidence of being injured. There are many injuries which a man may receive which are patent to the observation of any one. No motion was made to exclude the answer.

The judgment of the court is affirmed.

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.