(89 South. 581)
### TAYLOR v. LEWIS.  (7 Div. 126.)

(Supreme Court of Alabama.   May 12, 1921. Rehearing Denied June 30, 1921.)

1. **Pleading ☜20—Each disjunctive averment must state good cause of action.**

When a cause of action is alleged in the alternative or disjunctive, each disjunctive averment must state a good cause of action.

2. **Municipal corporations ☜706(1)—Counts not averring defendant's knowledge of decedent's danger held not good as charging wanton negligence.**

In an action for the death of a child run over by an automobile, counts not averring that defendant, knowing the child's danger, ran the car on him, *held* not good as charging wanton negligence.

3. **Municipal corporations ☜706(6) — Questions of speed of automobile and contributory negligence held for jury, evidence being conflicting.**

In an action for the death of a child run over by an automobile, where the evidence was conflicting, questions as to the speed of the car and as to whether the child ran across the street in front of it were for the jury.

4. **Death ☜61 — Evidence of appearance of body of child run over by automobile held competent on issue of cause of death.**

Testimony as to the appearance of the body of a child run over by an automobile held competent on issue whether it was killed by the car.

5. **Evidence ☜492—Testimony of witnesses of automobile accident as to speed of car held admissible.**

In an action for the death of a child run over by an automobile, testimony of witnesses of the accident, who had driven or ridden in automobiles and had some knowledge of their speed, as to the speed of the car, was admissible, being relevant.

6. **Evidence ☜472(4)—Question whether driver could have stopped car sooner properly excluded.**

In an action for the death of a child run over by an automobile, questions asked of the driver as to whether he could have stopped the car sooner were properly overruled as calling for conclusions that should be drawn by the jury from facts given by the witness.

7. **Master and servant ☜329—Municipal corporations ☜706(1) — Pleading ☜192(4) — Demurrers to count averring negligent operation of automobile by owner, his agent or servant or minor son, properly overruled.**

In an action for the death of a child run over by an automobile, demurrers to a count averring that defendant, his agent or servant or minor son under his control, negligently or recklessly ran the car over decedent, the killing of whom was the proximate consequence thereof, on the grounds of failure to allege any duty owed by defendant or in what were the negligent acts complained of, that the count was in the alternative, one or more of which failed to show a substantial cause of action, or that it failed to aver that defendant's agent or servant was acting within the line and scope of his employment, were properly overruled.

Sayre, J., dissenting.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Action by Luther Lewis against R. E. Taylor for damages for the death of his son caused by being struck by an automobile. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 1 is as follows:

The plaintiff claims of the defendant the sum of $10,000, damages for this, to wit: Plaintiff avers that he is and was a resident citizen of Randolph county, Ala., on or about December 27, 1919, and that he is and was the father of Woodrow Lewis, who was upon said date of December 27, 1919, his minor child of about six years, and plaintiff avers that the said R. E. Taylor or his agent or servant or minor son, Emmitt Taylor, who was under the control of said R. E. Taylor, did negligently or carelessly or recklessly run an automobile over his said son Woodrow Lewis, thereby killing him, which said killing was the proximate consequence of the negligence, or carelessness, or recklessness of the R. E. Taylor, his agent, servant, or minor son, Emmitt Taylor, who was under the control of the defendant, to the damage of plaintiff as aforesaid.

The demurrers are as follows:

Failure to allege any duty which the defendant owed to the plaintiff or his minor son; fails to state a substantial cause of action; fails to allege in what the acts constituting negligence complained of consisted. The count is in the alternative with respect to the person who inflicted the injury on plaintiff's minor son; the count is in the alternative and one or more of the alternatives fail to show or set forth a substantial cause of action; alleges an injury done by agents or servants, and fails to aver that such agent or servant at the time of the infliction of the injury was acting within the line and scope of his employment.

The other facts sufficiently appear.

N. D. Denson & Sons, of Opelika, and C. H. Vann, of Roanoke, for appellant.

Count 1 was defective in the particulars pointed out by the demurrers. 181 Ala. 491,

---

61 South. 361; 171 Ala. 251, 55 South. 170; 186 Ala. 92, 64 South. 614; 177 Ala. 324, 58 South. 286; 17 Ala. App. 134, 82 South. 582. The count was also bad, as in the alternative. 156 Ala. 284, 47 South. 279; 16 Ala. App. 360, 77 South. 972, and authorities supra. This is also true as to counts 4 and 5. 121 Ala. 389, 25 South. 780. Counsel discuss rulings upon the evidence, but cite no authority, except as to the expert evidence of Emmitt Taylor, as to which they cite 83 Ala. 238, 3 South. 447, 3 Am. St. Rep. 715.

R. J. Hooton, of Roanoke, for appellee.

Counsel criticize the authorities cited by appellant, and insist that, notwithstanding the count might have been technically incorrect, yet all the evidence was submitted to the jury under proper instructions from the court, and that, if error intervened, it was without injury.

MILLER, J. This is a suit by Luther Lewis against R. E. Taylor for a wrongful act causing death of plaintiff's six year old child.

[1] Count 1 of the complaint avers that the defendant or his agent or servant, or his minor son, Emmitt Taylor, who was under the control of R. E. Taylor, did negligently or carelessly or recklessly run an automobile over his son, Woodrow Lewis, thereby killing him. It fails to aver that the agent or servant or son of the defendant was each acting, at the time of doing the wrongful act, within the line and scope of his employment. From these averments it does not appear whether the defendant or his agent or his servant or his son did the wrongful act. When a cause of action is alleged in the alternative or disjunctive, each disjunctive averment must state a good cause of action. This count does not state a good cause of action against the defendant as to the agent or servant, as it fails to aver that they were each in the employment of the defendant and were each acting in the line and scope of their employment when the wrongful injury causing the death occurred.

The statute used the word "wrongful" in describing the act. The complaint would be better if it had done so.

The demurrers of defendant to count 1 should have been sustained. Birmingham Ry., Lt. & P. Co. v. Nichols, 181 Ala. 491, 61 South. 361; Kuykendall v. Edmondson, Adm'r, 205 Ala. 265, 87 South. 882; Addington v. Am. Casting Co., 186 Ala. 92, 64 South. 614.

[2] Demurrers to counts 4 and 5 were overruled by the court. They aver simple negligence. Not sufficient facts are averred in either to make wanton negligence. It fails to aver that the child was in danger of being run over by the car of the defendant; that defendant knew it or was conscious of it,

and with that knowledge ran or caused the car to be run upon the child. These counts are good as charging simple, but not wanton, negligence. L. & N. R. R. Co. v. Orr, 121 Ala. 489, 26 South. 35.

[3] The defendant pleaded the general issue and contributory negligence of plaintiff.

The evidence shows that the child was killed by the car of the defendant while being run on the streets of Roanoke by his son, nearly 19 years old, with his father (the defendant) by his side on the front seat of the car. He was running the car for the defendant. The testimony of the plaintiff shows the car was being run at a rate of speed from 15 to 20 miles an hour, and some witnesses said 25 miles, when it ran over the child; the child was near the sidewalk, in the street drain, or with one foot on the sidewalk and the other foot in the street, when struck by the car; and that its sister, 12 years old, and brother, 9 years old, had charge of it, and were near the child when injured. They were going to the home of the brother of plaintiff at the time. The plaintiff was not present. The street there was about 25 feet wide.

The evidence for defendant tended to show that the child attempted to run across the street just in front of the car, and it was struck while crossing in or near the middle of the street; the car was running from 10 to 12 miles an hour; as soon as the child attempted to cross the street in front of the car the defendant's son made use of all the appliances at hand to stop the car; could not stop it in time, but "did stop it as readily as was possible"; and the street there was about 15 feet wide.

We have read all the evidence, and it is clearly a case for the jury to decide. The general charges were properly refused by the court.

The defects in the pleading are cured by the evidence and the oral charge of the court and the written charges asked by the defendant and given by the court. The evidence shows the car belonged to the defendant, it was being run at the time the child was killed by the 18 year old son of the defendant, under defendant's direction, the defendant being on the front seat of the car with his son at the time. This being true, with the other evidence, under rule 45 of this court, the case cannot be reversed on account of defects of pleading. Rule 45, 175 Ala. xxi, 61 South. vii; Best Park & Amus. Co. v. Rollins, 192 Ala. 534, 68 South. 417, Ann. Cas. 1917D, 929; Jackson v. Vaughan, 204 Ala. 543, 86 South. 469. This is especially true in view of the fact that there was at least one other count under which the issues of the case were comprehended, and which imposed no greater burden of proof on plaintiff than the eliminated count.

[4, 5] It was proper for the witness to testify as to the appearance of the body, the marks on it or wounds. The child was run over by a car. It was averred that it was killed by the car. These wounds, marks, and appearance of the body were evidence of injuries received by the child from defendant's car. It would shed light on how it was killed. Birmingham Ry., Lt. & P. Co. v. McLain, 162 Ala. 656, 50 South. 149. It was relevant for plaintiff to prove by witnesses who saw the child killed and who saw the automobile just before it struck the child as to the rate of speed the car was going. All of the witnesses before answering as to the rate of speed stated they had ridden in an automobile, some had driven, all had some knowledge as to their speed, and the court properly allowed them to give their judgment as to the rate of speed. Montgomery St. Ry. Co. v. Shanks, 139 Ala. 501, 37 South. 166.

[6] The court did not err in refusing to allow defendant to ask Emmitt Taylor this ·question:

"I will ask you this question: Could you have stopped the car any earlier than you did; could that car have been stopped any quicker than it was by you at that time?"

It calls for conclusions that should be drawn by the jury from facts given by the witness. The witness should tell what he did, give the jury all the facts, so they could decide whether he could have "stopped any quicker" or "any earlier" the car "than it was by him." It is true that conclusions are frequently collective facts that a witness can give, express an opinion on, when known to him. When the facts can be given, without an opinion, it should be done, and let the jury draw the inferences. In Birmingham R. & E. Co. v. Jackson, 136 Ala. 279, 34 South. 994, the court said:

"The testimony of Ayers that the motorman was 'doing all he could to stop' was illegal."

In this matter, if error, it was without injury to appellant, as this witness had already testified on defendant's examination of him as follows:

"When I observed the child, I put on my brakes as quickly as I could and turned my car to the left; I did nothing else toward stopping the car; there was nothing else I could have done; it was all I could have done. * * * When I applied the brakes the effect on the car was to lock the rear wheels, and they skidded a little down grade; the right side of my car struck the child."

See authorities cited and discussed in Cent. of Ga. Ry. Co. v. Jones, 170 Ala. 611, 54 South. 509, 37 L. R. A. (N. S.) 588; Birmingham R. & E. Co. v. Jackson, 136 Ala. 279, 34 South. 994.

Finding no reversible error, the judgment will be affirmed.

·Affirmed.

SOMERVILLE, J., concurs.
SAYRE, J., dissents.

[7] ANDERSON, C. J., McCLELLAN, GARDNER and THOMAS, JJ., concur, except they hold that, whether or not count 1 would be subject to an appropriate ground of demurrer, it was not subject to any of the grounds of demurrer that were interposed, and the trial court did not err in overruling the demurrers to it; and hence they see no necessity for recourse to rule 45.

McCLELLAN, J. (concurring). Count 1 manifested an imperfect effort to state, in the alternative in a single count, these distinct causes of action: (a) A breach of duty by the servant for the consequences of which the master may be responsible; and (b) a breach of duty by the parent predicated of the wrongful act of the child. A general statement of the doctrine to which the latter alternative refers may be found in 20 R. C. L. pp. 630, 631. Such a. pleading·is demurrable for misjoinder and indefiniteness, as fully considered and decided in Highland Ave. R. R. v. Dusenberry, 94 Ala. 413, 10 South. 274. See, also, in its line, Nat. Baking Co. v. Wilson, 198 Ala. 90, 95, 73 South. 436, and Birmingham R. R. Co. v. Nicholas, 181 Ala. 491, 500, 503, 61 South. 361, among others. In this instance there is no ground of demurrer taking the objection sustained in the demurrer considered in the Dusenberry Case, supra.

The count 1 avers that the negligent servant and "minor son," viz. Emmitt Taylor, was "under the control of said R. E. Taylor," the defendant. The grounds of the demurrer, original and supplementary, were addressed to defects pertaining to the first alternative only, viz. the relation of servant to the defendant as master, not to the latter alternative, viz. the accountability, in proper circumstances, of a parent for the conduct of the child. 20 R. C. L., supra. The demurrer went only to a part of the count, and did not purport to challenge the sufficiency of the averments of the latter alternative. A demurrer will not lie to a part of a count. L. & N. v. Hine, 121 Ala. 234, 238, 25 South. 857, and cases there cited; Jackson Lumber Co. v. Trammell, 199 Ala. 550, 74 South. 469, stating the writer's application of this rule to that case. For this reason the court cannot be put in error for overruling the grounds of demurrer addressed to the first count. A ground of demurrer that a complaint states no cause of action is a general ground, and may be overruled without error where the complaint would support a judgment rested upon it. The rule that a count is no stronger than its weakest averment is not applicable

to a count like this. That rule is serviceable and applicable to cases where a material allegation of a single cause of action is alternatively averred.

The demurrer to the fourth count was inapt, and no reversible error was committed in overruling it. The count was defective in that it confused, in some of its averments, the liability of the parent, which results only from the parent's own negligence, with the negligence of the child on account of whose wrongful conduct the parent may be, in proper cases, negligent, and therefore held responsible. The demurrer to count 4 mistook the count as an effort to charge willful or wanton wrong on the part of the defendant; whereas the count's theory was referable to the doctrine that, in proper cases, imposes liability on the parent for his own negligence predicated of the wrongful conduct of his ·child.

I concur in the affirmance of the judgment.