### LAMBERT v. STATE.   (7. Div. 266.)

(Supreme Court of Alabama.   June 22, 1922.)

1. Homicide ⚎188(3)—Deceased's reputation for violence· inadmissible before defendant showed act was in self-defense.

In a prosecution for murder, before it was shown defendant acted in self-defense, he could not show deceased's reputation for violence.

2. Homicide ⚎188(5)—Evidence of particular acts to sustain or impeach character of deceased not allowable.

In a prosecution for murder, where self-defense is claimed, witnesses may be examined upon deceased's general reputation, but not upon particular acts to sustain or impeach character.

3. Criminal law ⚎466—Cross-examination as to reputation of deceased may go to particular facts.·

While character evidence as to deceased is on direct examination confined to general reputation, cross-examination may go to particular facts, to show soundness of witness' opinion.

4. Homicide ⚎157(3)—Previous altercations with deceased admissible, but not details thereof.

In a prosecution for murder, defendant's previous altercations with deceased could be shown, but not their details, such as cause of the difficulties, where not part of the res gestæ of fatal encounter.

5. Criminal law ⚎450—Question of who was aggressor in fatal encounter inadmissible as calling for a conclusion.

In a prosecution for murder, defendant's question, "Who was the aggressor?" in the fatal encounter, was properly excluded, since an answer called for a conclusion, and this question was for the jury after hearing details.

6. Criminal law ⚎363—Homicide ⚎164—Defendant's physical condition at time of fatal encounter admissible, but not condition and details concerning former difficulties with deceased.

Physical condition of defendant at time of fatal encounter was relevant, but physical condition in former difficulty with deceased, and whether deceased was arrested, and what he had in his hand, were immaterial as going into the merits of former difficulties not part of the res gestæ, when it happened three or four days before the fatal encounter.

7. Criminal law ⚎684 — Testimony properly adducible in first instance admissible from rebuttal witnesses in court's discretion.

Material testimony properly adducible in making out the state's case in the first instance is, in the court's discretion, admissible from rebuttal witnesses.

8. Criminal law ⚎1037(2)—Mere objection to argument avails nothing on appeal unless its exclusion from jury was asked.

Mere objection to argument avails nothing on appeal, where the court was not asked to exclude it from the jury.

9. Criminal law ⚎829(1)—Refusal of certain charges not error where substantially same matters were covered by charges given.

Refusal of requested charges held not reversible error where defendant received their benefit in other oral and written charges substantially covering his case, in view of Gen. Acts 1915, p. 815, amending Code 1907, § 5364.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Walter Lambert was convicted of murder in the second degree, and he appeals. Affirmed.

Chas. D. Kline, of Anniston, for appellant.

When the evidence as to self-defense is conflicting, defendant may show his previous difficulties with the deceased, or the latter's attempts upon his life. 6 Encyc. Ev. 779; 177 Ala. 24, 59 South. 270. Proof of previous relations of defendant and deceased is relevant and competent. 13 R. C. L. 216. Circumstances under which a threat is made, and bearing upon nature and cause of the deceased's enmity toward defendant, are competent. 6 Encyc. Ev. 793. Any fact tending to show which party was the aggressor is admissible; and evidence of previous conduct, showing peaceable or hostile intentions of defendant or deceased, is competent. 6 Encyc. Ev. 755, 765.

Harwell G. Davis, Atty. Gen., and Merrill & Allen, of Anniston, for the State.

Where there was no evidence that defendant acted in self-defense, testimony that deceased was a person of violent, bloodthirsty character was inadmissible. 197 Ala. 193, 72 South. 316; 17 Ala. App. 469, 86 South. 132. Evidence as to particulars of prior difficulty was inadmissible. 15 Ala. App. 121, 72 South. 599; 197 Ala. 193, 72 South. 316; 177 Ala. 15, 59 South. 171; 151 Ala. 41, 44 South. 84; 155 Ala. 67, 45 South. 916; 74 Ala. 9.

MILLER, J. The defendant, Walter Lambert, was indicted and tried for the offense of murder in the first degree, killing Seab Eason. He was convicted of murder in the first degree, and his punishment fixed at imprisonment in the penitentiary for life. This judgment and sentence of the court was reversed by this court. Lambert v. State, 205 Ala. 547, 88 South. 847. He was tried again, was convicted by the jury of murder in the second degree, his punishment fixed at 25 years in the penitentiary, and from the judgment and sentence of the court on this verdict of the jury he prosecutes this appeal.

The evidence for the state tended to show that the defendant was guilty of murder as charged in the indictment.

[1] The court would not permit defendant to ask his first witness this question:

"Do you know Seab Eason's reputation in this community for violence and roughness?" In this there was no error. The question was premature and improper at that time. There was then before the court and jury no evidence tending to show the defendant acted in self-defense, and the reputation of deceased for violence and turbulence was then inadmissible. Green v. State, 143 Ala. 2, headnote 4, 39 South. 362; Smith v. State, 197 Ala. 193, headnote 4, 72 South. 316; Watson v. State, 181 Ala. 53, headnote 4, 61 South. 334.

[2] After the examination of this witness there was evidence tending to prove that the defendant in killing Seab Eason did act in self-defense. Many witnesses for the defendant testified they knew the general character or reputation of the deceased in the community where he lived for violence and turbulence, and they answered it was bad in those respects. It was not proper for the defendant to inquire of them "if his general reputation was that he would fight without proper provocation, wasn't it?" and "Was he an awful mean man?" The court properly sustained objections of the state to such questions. The questions on direct examination must be confined to the general reputation or character of the person, and "no evidence is allowed of particular acts of good or bad conduct, either to sustain or to impeach character." Jones v. State, 76 Ala. 99, headnote 3; Moulton v. State, 88 Ala. 116, headnote 1, 6 South. 758, 6 L. R. A. 301.

[3] "But on cross-examination there is allowed much greater latitude of interrogation as to details, this being often the only efficacious test available for the discovery of truth. To test the soundness of the witness' opinion, and elicit the data upon which it is founded, he may often be cross-examined as to particular facts affecting character." Jackson v. State, 78 Ala. 471, headnote 3.

[4] The defendant and deceased had two or three difficulties several days, three or four days, prior to the fatal one. The court properly permitted defendant to offer evidence of the previous altercations or combats between them; but the details, merits, and particulars of them were not admissible, as none of them formed a part of the res gestæ of the fatal encounter. The court did not err in refusing to permit defendant to offer evidence tending to prove the previous difficulties were caused by defendant reporting the son-in-law of deceased for gambling in crap games. This would be going into the cause, merits, or particulars of the former quarrels or difficulties, under circumstances which the law does not permit. Smith v. State, 197 Ala. 193, headnote 2, 72 South. 316; Garrett v. State, 76 Ala. 18; Gray v. State, 63 Ala. 66.

[5] The court properly refused to allow defendant to ask witnesses this question: "Who was the aggressor?" in the former difficulties as well as in the fatal difficulty. Who was the aggressor in the fatal difficulty was a question for the jury to answer from the detailed facts and circumstances of the case. The question called for an opinion and conclusion of the witness on particulars of the difficulty as seen by him. This invaded the province of the jury. Witnesses should detail the facts and circumstances, and the jury should form the opinion and draw the conclusion from them. The question was also improper as to the former difficulties for the additional reason it was an attempt to go into the merits of them. Jones v. Hatchett, 14 Ala. 743; 1 Greenl. Ev. § 440; Cent. of Ga. R. R. Co. v. Jones, 170 Ala. 611, 54 South. 509, 37 L. R. A. (N. S.) 588; Smith v. State, 197 Ala. 196, headnote 2, 72 South. 316; Garrett v. State, 76 Ala. 18.

[6] The size and physical condition of the defendant at the time of the fatal difficulty were relevant and competent, and evidence thereof was before the jury; but the physical conditon of and injuries received by the defendant in the former difficulties and whether the deceased was arrested by the official for it and what deceased had in his hand in the former difficulty, three or four days before, were immaterial to the real issue in the case. It was going into the merits or particulars of the former difficulties, when they formed no part of the res gestæ of the case. Smith v. State, 197 Ala. 196, 72 South. 316, and other authorities supra. It is true in Watts v. State, 177 Ala. 22, 59 South. 270, the court permitted evidence "that deceased attacked defendant with scissors, accompanying the attack with a threat," on the day of the killing, to go to the jury. This was a threat, direct threat, with scissors and an attack on the day of the killing. In the instant case there was no evidence of threats, and it was three or four days before the fatal difficulty.

[7] Witnesses for the state on rebuttal testified that the character or reputation of the deceased for violence, turbulence, etc., was good. Some of these witnesses over the objection and exception of the defendant were asked and answered questions as to matters material to the issue, and which should have been introduced by the state in making out its case in the first instance, and which was not in strict rebuttal of the testimony of defendant. This was in the discretion of the trial court. This discretion does not appear to have been abused by the court to the injury of the defendant, and the court will not be put in error therefor. Nicholson v. State, 149 Ala. 61, 42 South. 1015; Jackson v. State, 167 Ala. 44, headnotes 13 and 14, 52 South. 835.

[8] During the argument of the case to the jury by the solicitor for the state, the defendant objected to the statements of counsel for the state:

(1) "That Mrs. Haley is the wife of the deputy sheriff," because "there is no evidence to that effect." (2) "You are putting a price on human life in Calhoun county."

The statements and arguments had been made to the jury. The defendant objected to both of them separately. He did not move to exclude them or either of them. He did not request the court to instruct the jury to disregard them, and not to consider them. He should have done so. The exception as taken from overruling objections to statements already uttered to the jury presents nothing for us to review. The effect of our decisions is that a mere objection to already spoken words does not reach the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which there is nothing presented for review by an exception. B. R. L. & P. Co. v. Gonzalez, 183 Ala. 286, headnote 8, 61 South. 80; Sharp v. State, 193 Ala. 22, headnote 5, 69 South. 122.

[9] The general oral charge of the court and the 23 written charges given the jury by the court at defendant's request covered fairly and substantially every principle or rule of law applicable to this case; and if any one of the 5 written charges of the defendant refused by the court contained a correct principle or rule of law bearing on the case, its refusal would not be reversible error as the defendant received the benefit of it under the oral charge or some of the given written charges. Gen. Acts 1915, p. 815, amending section 5364, Code 1907; Nickerson v. State, 205 Ala. 684, headnote 10, 88 South. 905.

We find no error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.