John Stennett was convicted of selling "500 mgs. of an amobarbital" to a police officer in Oneonta and sentenced to five years in the penitentiary. The Court of Criminal Appeals, Ala.Cr.App., 340 So.2d 60, affirmed the conviction and denied the defendant's application for rehearing. On preliminary examination, we granted his petition for certiorari in which he alleges that the decision of the Court of Criminal Appeals conflicts with Lambert v. State, 208 Ala. 42, 93 So. 708
(1922);
The portion of the record in which the defendant alleges error is as follows:
 "THE COURT: All right. Make your opening statements to the jury.
 "MR ROBINSON [The District Attorney]: You are fixing to hear a case about the Defendant selling marijuana —
"MR. NASH: We object, Your Honor.
 "MR. ROBINSON: Judge, this is an — Let's have this off the record.
 "(Whereupon, there was an off the record discussion at the bench between counsel for the respective parties, and the Court, out of the hearing of the Court Reporter, after which, the following occurred:)
"* * *
 "(Whereupon, the Jury was excused for the noon recess.)
"* * *
 "THE COURT: I will sustain the objection at this time.
 "MR. NASH: . . . We move that there be a mistrial granted in this case in that the Jury now sitting in this case has been prejudiced after being paneled and the opening statement being made by the District Attorney in which the District Attorney has alleged, or read to the Jury from the prior indictment, that the Defendant was charged with a different offense for which he is being tried here, namely the offense of selling marijuana, which is a different charge, different indictment.
 "We further base our grounds for a mistrial upon the fact that it would show to the Jury that there are other indictments, which are clearly inadmissible and prejudicial to the rights of this Defendant in this case.
"* * *
 "THE COURT: . . . I will overrule the motion for a mistrial."[1]
The Court of Criminal Appeals declined to reach the merits of the defendant's appeal because "no ruling is presented for review."
The pertinent portion of the Court of Criminal Appeals' opinion states:
 "The rule covering this situation is well set forth in an opinion of the Supreme Court of Alabama in Lambert v. State, 208 Ala. 42, 93 So. 708, wherein it is pointed out that where counsel for the appellant merely objects to the argument, and such objection is sustained, and counsel did not request the court to instruct the jury to disregard such argument, or to invoke a further ruling by the court on such argument in the presence of the jury, and on the record, then no ruling is presented for review on appeal by such objections. Woodard v. State, 34 Ala. App. 391, 40 So.2d 737; Veith v. State, 48 Ala. App. 688, 267 So.2d 480, and authorities therein cited."
The Court of Criminal Appeals based its decision upon the defendant's failure to move to exclude the prejudicial statement or to request the trial Court to instruct the jury to disregard it. This is a *Page 67 
misconstruction of Lambert and overlooks the fact that the defendant did move for a mistrial on the record. Lambert is inapposite to the instant case because, in Lambert, the defendant did not invoke any ruling of the trial Court from which an appeal could be taken. There, the defendant's objection was sustained. He received a favorable ruling on the only action requested. Thus, there was no adverse ruling upon which error can be predicated. In the instant case, the defendant's motion for a mistrial based upon the prosecutor's opening statement was overruled — a ruling adverse to the defendant.
The denial of a motion for mistrial is a reviewable ruling. (See Ala. Digest, Criminal Law 867.) There is no requirement that the motion be made in front of the jury, and at least one case has affirmed a denial of a motion for mistrial on the ground that it came too late where the defendant's attorney waited until the jury was in the courtroom. Clark v. State,280 Ala. 493, 195 So.2d 786 (1967).
Furthermore, it should be noted that a requirement that the defendant requests the Court to instruct the jury to disregard the prosecutor's statement could be construed to constitute a waiver of his motion for a mistrial because of the antithesis of the two conflicting requests. The motion for a mistrial proceeds on the premise of the ineradicable nature of the remarks. A request for instructions, on the other hand, concedes that the trial Court, by appropriate charge, may disabuse the jurors' minds of any prejudicial effect of such statements and allow the defendant to receive a fair trial. It is at least arguable that unless alternatively made, or so separated by time as to constitute separate motions, a request for the latter (instruction to disregard) could be said to waive the former (motion for mistrial).
Because of our limited scope of review, we express no opinion upon the merits of the defendant's motion for mistrial in this case; only that the issue cannot be avoided on the basis onLambert. We remand this case to the Court of Criminal Appeals to decide whether the defendant's motion for mistrial was properly overruled.
REVERSED AND REMANDED.
HEFLIN C.J., and MADDOX, FAULKNER, ALMON, SHORES and BEATTY, JJ., concur.
[1] Certain omitted portions of the record, not here essential to our review, are contained in the opinion of the Court of Criminal Appeals.