# Williams *v.* The Louisville & Nashville Railroad Co.

*Action for Damages for Injury to Passenger.*

(Decided April 11, 1907. 43 So. Rep. 576.)

1. *Carriers; Care of Passengers Under Disability.*—When a carrier knowingly accepts as a passenger a person physically unable to care for himself the duty is on the carrier to render such person such special assistance as his condition requires to the end that he may be safely transported.

2. *Same; Action; Complaint; Sufficiency.*—A complaint which alleges that plaintiff was at a station of the carrier to be carried as a passenger; that she was weak and hardly able to walk; that the train stopped at said station to take on passengers and the carrier through its servants accepted her as a passenger, transported her to her destination and received her fare, but that in assisting her to board the train the servants so negligently performed their duty as to injure her, is not subject to demurrer as failing to show that plaintiff had been accepted as a passenger or that the servants or agents acted without the scope of their authority.

APPEAL from Shelby Circuit Court.

Heard before Hon. JOHN PELHAM.

[Williams v. The Louisville & Nashville Railroad Co.]

Action by Cora Williams against the Louisville & Nashville Railroad Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed and remanded.

BROWN & LEEPER, for appellant.—The court erred in sustaining the demurrer to count 4 of the complaint.— *Southern Railway Co. v. Douglass,* 39 South. 268. It is unnecessary to name the employees whose negligence caused the damage.—*Montgomery Ry. L. & P. Co. v. Adams,* 40 South. 385; *Armstrong v. Montgomery St. Ry. Co.,* 123 Ala. 233; *Southern Ry. Co. v. Douglass, supra.*

WHITSON & HARRISON, and E. H. DRYER, for appellee.—The court properly sustained the demurrer to the counts of the complaint.—*Croom vs. Chicago M. & St. P. R. Co.,* 18 L. R. A. 603; *N. O. etc. R. R. Co. v. Statham,* 42 Miss. 607, 97 Am. Dec. 483, and notes on page 499; *Pullman Palace Cor Co. v. Barker,* (Col.) 34 Am. Rep. 92; Hutchinson on Carriers, S. 617-a; *Yarnell v. K. C. S. F. & M. R. Co.,* 113 Mo. 570; 18 L. R. A. 599-601; *Raben v. Central I. R. Co.,* 74 Ia. 732; *Hurt v. St. L. I. M. & S. R. Co.,* 94 Mo. 255, 4 Am. St. Rep. 374-378; *Sevier v. Vicksburg & M. R. Co.,* 61 Miss. 8, 48 Am. ep. 75; 2 Shearn & Redf. Neg., S. 510; *So. Ry. Co. v. Hobbs,* 63 L. R. A. 70; *Daniels v. Western R. Co.,* 96 (Ga.) 786.

TYSON, C. J.—Appellant's counsel do not seriously insist that the trial court was in error in sustaining the demurrer to the first, second, and third counts of the complaint; but they do insist that the sustaining of the demurrer to the fourth was erroneous. That count alleges that plaintiff was at one of the stations on defendant's road for the purpose of being carried as a passenger; that she was just recovering from a severe spell of sickness, on account of which she was very weak and hardly able to walk; that when the passenger train of defendant reached the station "it was stopped for the purpose of taking on and putting off passengers, and that defendant then and there, through its agents and

servants accepted plaintiff as a passenger and transported her as such on said train from said station to her destination, and received her fare and pay for the same, but that defendant through its agents or servants undertook and proceeded to assist plaintiff to board said train by lifting her up the steps of a passenger coach of said train, but performed said service carelessly and negligently; that she was caused to fall or be violently thrown from said steps to the ground, thereby causing her great injury," etc. While a carrier is under no duty to accept as a passenger a person who is physically unable to take care of herself unattended by a care taker, yet if such a person, without an attendant, is accepted by the carrier as a passenger, and his disability is apparent or made known at the time of his application for carriage to the servants of the carrier, it becomes the duty of the carrier to render to such person such special care and assistance as his condition may require in order that he may be safely transported. 6 Cyc. p. 599; 5 Am. & Eng. Ency. Law, (2d Ed.)—; 2 Hutchinson on Carriers (3d Ed.) § 992. But, "whether bound to assist a passenger or not, a carrier is always liable for negligence in so doing."—2 Sher. & Red. on Negligence (5th Ed.) p. 929, § 510.

But it is insisted that the count fails to show that plaintiff had been accepted as a passenger prior to receiving her injuries. We do not so read it, and do not think its language is fairly susceptible to any such construction. To the contrary, the averment shows clearly and unequivocally that she was accepted as a passenger before attempting to board the train. It is of no consequence that she had not purchased a ticket or paid her fare at that time. Whether the count sufficiently shows that the agents or servants had knowledge of plaintiff's physical condition is not raised by the demurrer. Their knowledge of it may certainly be fairly inferred from the facts averred; so, then, it cannot be said that the count fails to state a cause of action.

There is clearly no merit in the contention that the count is subject to that ground of the demurrer that no facts are averred which show that defendant's ser-

[Birmingham Ry. Light & Power Co. v. Brown.]

vants or agents were acting within the scope of their authority or in the line of their duty.

The action of the court in sustaining the demurrer to the count under consideration was erroneous.

Reversed and remanded.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.