# Central of Ga. Railway Co. v. Jones.

## Damage for Loss of Baggage.

(Decided Feb. 2, 1911.   54 South. 509.)

*Evidence; Opinion Evidence; Loss of Baggage; Value.*—In an action by a passenger for delay in delivering baggage, it was proper to permit the plaintiff to testify as to what the baggage would have been worth during the time it was withheld from her.

APPEAL from Jefferson Circuit Court.

Heard before A. O. LANE.

Action by Mrs. R. A. Jones against the Central of Georgia Railway Company for delay in delivering baggage. Judgment for plaintiff and defendant appeals. Affirmed.

LONDON & FITTS, for appellant. The court erred in permitting the question and answer objected to.—*R. R. Co. v. Burkett*, 42 Ala. 83; *Hames v. Brownless*, 63 Ala. 277; *R. R. Co. v. Varner*, 19 Ala. 185; *Chandler v. Bush*,

84 Ala. 102; *Young v. Cureton,* 87 Ala. 727; *L. & N. v. Landers,* 137 Ala. 504; *Brandon v. Progress D. Co.,* 52 So. 640; *Staples v. Steed,* 52 So. 646.

GASTON & PETTUS, for appellee. No brief came to the Reporter.

MAYFIELD, J.—This was an action by a lady passenger, against a common carrier, to recover damages sustained by her on account of the carrier's delay in delivering her baggage, in violation of its duty to promptly deliver same in accordance with its contract of carriage. The only damages sought were those in consequence of the delay in delivery. The period of delay was about 10 days in length.

Plaintiff, by her contract, was a passenger from Birmingham, Ala., to the city of New York. Her route as per her contract with appellant was from Birmingham, Ala., to Savannah, Ga., over the appellant's line of railroad, and from Savannah to New York by a steamer. The appellant's agent sold her a through ticket, which included, as incident thereto, the carriage of her baggage, which consisted of her wearing apparel for her trip and her visit to New York. In consequence of the delay in delivering her baggage, she was without change of necessary dress for 10 days, except such as she of necessity had to purchase or obtain elsewhere. The evidence tended to show that she suffered some damages, such as physical pain, inconvenience, and mental worry, on account of the failure to deliver her baggage promptly.

During the examination of plaintiff as a witness in her own behalf, her counsel propounded to her the following question: "What would these goods in your baggage have been worth to you in the time you were out of the use of your baggage?" To this question the

defendant objected, on the ground that it was a question for the jury and not for the witness' opinion. The court overruled the objection and allowed the witness to answer. The correctness of this ruling is the only assignment of error insisted on in argument. The witness answered that in her judgment it was about $500.

It was at an early date ruled in this state that a witness should not be allowed to state his opinion as to the amount of damages the plaintiff or the witness sustained, or was entitled to recover, in consequence of a given act or omission, the basis of the suit.—*Montgomery & West Point R. R. Co. v. Varner*, 19 Ala. 185. In that case the witness was allowed to testify as to the amount of damages done to land by the construction of a railroad thereon. This was held error. This rule has been applied to a great number of subsequent cases, some of which were actions for personal injuries, some for injuries to live stock, and some actions of ex contractu as for breaches of contracts. In the case of *Young v. Cureton*, 87 Ala. 727, 6 South. 352, it was ruled that a party could not testify as to the amount of damages he sustained by the breach of the contract on which he had sued. The reason assigned for the rule is that to allow such statements would be to substitute the witness' opinion or conclusion for that of the jury, whose exclusive province it is to draw the inferences and conclusions from the facts and circumstances in evidence.

The general rule, of course, is that witnesses must depose to facts, and cannot be allowed to give their opinions founded on these facts, or the inferences or deductions which they draw from them. To this general rule, however, there are many exceptions, as where the subject involves expert evidence, questions as to value, etc. —1 Greenl. Ev. § 440 et seq.; 1 Whart. Ev. § 509 et seq.

Mr. Greenleaf says that the "opinion rule" of evi-

dence is based on the thought that the opinion is super-
flous and unnecessary and should not be brought into
the case, because, if the opinion of that witness is allow-
ed, then all persons having the same knowledge as the
witness could be brought in to state their opinion, and
the trial would thus be incumbered, without adding any
essential data not already before the jury.

Mr. Wharton says: "When we enter on the discus-
sion of the admissibility of opinion, we strike a topic
which is embarrassed by much ambiguity." Any one
who will attempt to examine the texts and adjudicated
cases on this subject will be overwhelmed not only as
to "ambiguity of terms," but also as to the direct con-
flict of opinions and decisions upon the subject. The
condition of the authorities on the subject is little bet-
ter than a state of anarchy. There are, however, some
abstract principles of law of evidence as to which the
authorities all agree, and which may be looked to in
passing upon the question of opinion evidence in con-
crete cases. Among these are that, when the opinion
sought is a mere "shorthand rendering" of the facts,
then the opinion can be given, subject to cross-examin-
ation as to the facts upon which it is based; that when
language is inadequate to state the facts of a concrete
case to the jury, and they can be described only by the
effect produced upon the mind of the witness, his opin-
ion may be rendered. A witness may testify that he
loaned a slave. A loan is a fact, a compound one, and
not a conclusion.—*Cole v. Varner*, 31 Ala. 249. Like-
wise, it is not necessary for a witness to be an expert,
to enable him to give his opinion as to a matter depend-
ing upon special knowledge, when he states the facts
upon which he bases his opinion. But the rule, as be-
fore stated, is different as to matters upon which the
jurors themselves can form opinions if the facts or data
are given them.

[Central of Ga. Railway Co. v. Jones.]

This court has said that the most ignorant witnesses may be permitted to state the fact of disease, when open to the perception of the senses (*Milton v. Rowland,* 11 Ala. 732) ; that the apparent condition of the physical system as to health or sickness is certainly a matter of fact (*Bennett v. Fail et al.,* 26 Ala. 605). In such cases, if the observations of the witnesses do not justify their assertions, it the office of a cross-examination to show this.—*Blackman v. Johnson,* 35 Ala. 255; *Baker v. Coleman,* 35 Ala. 221.

Though a nonexpert witness would not be allowed to testify that a patient had malarial or typhoid fever, yet he could testify that a person was ill or had fever.— *Dominick v. Randolph,* 124 Ala. 562, 27 South. 481.

At one time opinion evidence as to value was not admissible; but that rule has now been departed from, says Mr. Greenleaf, except by the court of New Hampshire. —1 Greenl. Ev. §§ 441, 442. Witnesses who have sufficient knowledge of the facts may testify as to the value of property. In fact, one of the reasons assigned why a witness should not be allowed to testify as to the amount of damages done to land or personalty, or that resulted from the breach of the contract, is that the witness should be required to testify as to the value of the propery before and after, or without and with the injury or wrong complained of.—*Hames v. Brownless,* 63 Ala. 277; *Ladd v. Ladd,* 121 Ala. 583, 25 South. 627; 3 Mayfield's Digest, pp. 492, 493.

While the evidence offered and allowed in this case was not as to the value of the goods, but was as to the value of the use of the same during the time they were wrongfully kept from the plaintiff by the defendant, which was the basis of the cause of action, this evidence we think was admisisble and not subject to the objection interposed by the defendant.

[Central of Ga. Railway Co. v. Jones.]

The evidence allowed in this case we deem much freer from objection than similar evidence hold proper in the case of *S. & N. A. R. R. Co. v. McClendon*, 63 Ala. 206. That was an action to recover damages for personal injuries, including loss of time, etc. In that case the court, speaking through Stone, J., said: "Some of the answers of the witnesse are clumsily expressed; but, properly construed, we think they are free from error. We note the following: 'In consequence of loss of time, and physical disability from the injuries, she had been prevented from earning money by her labor, and she had been injured $50 within the four months next after the fall from the mare, by reason of and in consequence of the hurts caused by the fall from the mare.' This is, in substance, an assertion that her labor, during that time, would have been worth $50.—*Parker v. Parker*, 33 Ala. 459."

On these authorities we hold that there was no error in allowing the question objected to, nor in the refusal to exclude the answer.

It is argued in this case that the question and answer substituted the opinion of the witness for that of the jury as to the amount of damages. The record answers this argument, by showing that the witness testified that the value of the use of the goods was $500, while the jury found only $150.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.