O’NIELL, J.
This is an action for damages for personal injuries suffered by the plaintiff while a passenger on one of the defendant’s street cars. The jury rendered a verdict in favor of the defendant, rejecting the plaintiff’s demand, and he has appealed.
Having rung the bell to have the car stopped at the next corner, where he intended to get off, the plaintiff walked to the platform, and perhaps got on the step of the car, before it stopped. In that position, either on the edge of the platform or step of the car, ready to step off promptly when the car would stop, his knee struck against a red lantern hung on an iron stake that had been placed near the track by the employes of the railway company to mark an excavation they had made near or under the car track.
The accident happened at 11:30 at night, and there is some doubt that the lantern was burning at that time, although there is no doubt it was lighted when placed there at 5:30 in the evening. If the lantern was burning, it was very dim, and, as the plaintiff was not in a position to see it, the question whether it was burning or had gone out' is of no importance.
The only other question of fact in the case is.whether the plaintiff was on the step of the car or on the edge of the platform when his knee struck the lantern and iron stake. The plaintiff testified that he had not got down on the step, but was yet on the platform ready to step down, when the iron stake, perhaps having scraped against the side of the car, leaned inward or sprung in over the car step and struck his knee. The conductor testified that, having signaled for the car to stop, the plaintiff immediately arose from his seat and walked to the rear platform and got down on the step, ready to alight at his comer, when, at a point about 40 or 50 feet before arriving at the stopping place, the plaintiff’s knee was struck by -the red lantern and iron stake. The conductor admitted that the plaintiff’s getting down on the step of the ear, ready to alight, after having signaled for the car to stop, was the usual way that able-bodied men passengers proceeded to get off of a street car promptly after having signaled for the car to stop. Hence it is of no importance whether the plaintiff was in the act of stepping from the platform to the step of the car or had already got down on the step when he was struck by the lantern and iron stake. The conductor also admitted that he did not warn the plaintiff of the danger of coming in contact with the lantern or iron stake, although he, the conductor, had observed the lantern hung to the iron stake near the track, and had warned passengers to be careful to avoid the danger when they alighted from the car, on his previous trips that night. The only reason the conductor gave in his testimony for not warning the plaintiff of the danger was that sometimes when he warned passengers of such dangers, they told him to go to hell. That impoliteness on the part of other passengers, although perhaps discouraging to the conductor’s performance of his duties, was no fault of the plaintiff, nor excuse for the conductor’s failure to warn him of the danger.
Our conclusion is that the defendant failed in that duty which a public carrier owes to a passenger to exercise the highest degree of care in conveying the passenger safely to his destination and permitting him safely to alight there.
The only remaining question is the extent of the injury suffered by the plaintiff. The iron rod punctured the skin, causing a wound that suppurated and was slow to heal. The plaintiff also suffered what the doctors call a traumatic synovitis, or inflammation of the membrane that secretes the lubricating fluid in the kneejoint, causing pain and loss of the function of the joint, similar to rheumatism. The plaintiff was suffering some *949 pain in the movement of his kneejoint at the time of the trial, ten months after the accident. The physician’s fee for treating the injury was only $50. The plaintiff was confined to his room only about ten days, and thereafter visited the doctor’s office regularly for about a month. The wound was apparently healed at the end of two months after the accident. We have concluded to fix the amount of the damages at $1,000.
The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff recover of and from the defendant $1,000, and the costs of this suit.