(77 South. 129)

No. 21012.

GIPSON v. SHREVEPORT TRACTION CO.

(Nov. 26, 1917.)

*(Syllabus by the Court.)*

CARRIERS ⬳303(2), 333(5)—PERSONAL INJURY —ASSUMPTION OF RISK—NEGLIGENCE.

A male passenger 60 years of age, and apparently in the full possession of his physical and mental faculties, who steps off a street car just as its motion is slowed down before it reaches and within a few feet of its regular stopping place, assumes the risk of a danger which is as apparent to him as to the conductor; and it is not negligence on the part of the street railroad company to permit him to do so.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Action by Frank P. Gipson against the Shreveport Traction Company. From a judgment dismissing his demand, plaintiff appeals. Affirmed.

J. Rush Wimberly, of Shreveport, for appellant. Wise, Randolph, Rendall & Freyer, of Shreveport, for appellee.

LECHE, J. Plaintiff appeals from a judgment based on the verdict of a jury dismissing his demand for $10,000 damages for personal injury alleged to have been suffered by him through the fault and negligence of defendant.

He alleges, in substance, that while a passenger on one of defendant's street cars in the city of Shreveport, on July 10, 1912, he gave the necessary signal to have the car stopped at the next street crossing; that the car came to a stop, two passengers stepping off before him; and that just as he was in the act of stepping off said car, and before he had time to alight, the said car was suddenly and without warning started, which caused him to stumble and fall on the pavement, and in so doing his ankle and foot was broken, sprained, and dislocated, causing him to suffer great physical pain and mental anguish, etc.

The great preponderance of evidence shows that as the car approached the place whereby custom and usage it should stop its speed was being checked; that one passenger stepped off while it was still in motion, and that plaintiff, seemingly in a hurry, and not caring to wait, followed this passenger and also stepped off, some eight or ten feet before the car came to a full stop at the regular stopping place, which is on a line with the sidewalk on the further side of the cross street; that in some unaccountable way, whether through awkwardness on his part or lack of experience in alighting from a moving vehicle, as soon as he had alighted, plaintiff fell to the pavement and suffered a double fracture of the leg near the ankle.

The evidence not supporting his allegations, plaintiff, in argument, has shifted his position, and now claims that the defendant was negligent in inviting him to step off its moving car, and he assumes that the mere fact that the conductor permitted him to alight was an invitation on the part of defendant for him to get off its car.

Plaintiff at the time of the accident was 60 years of age, apparently possessed of all his physical and mental faculties, and the danger to which he exposed himself was as apparent to him as to defendant. There was no reason for defendant to warn him of danger. He should have known his ability or inability to step off a moving vehicle better than defendant. The risk of falling was evident. He took chances and failed.

The principles controlling this case are quoted in McMelon v. I. C. Railroad Co., 126 La. 609, 52 South. 784:

"It is elementary that the duties of carriers and passengers are reciprocal. If carriers are held to the highest degree of care for the safety of passengers, passengers ought to be held to the exercise of ordinary care to protect themselves."

See, also, Morris v. Illinois Central R. Co., 127 La. 445, 53 South. 698, 31 L. R. A. (N. S.) 629.

The judgment appealed from is affirmed.