(88 South. 677)

## MOBILE LIGHT & R. CO. v. THERRELL.
### (1 Div. 144.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Carriers ⚌303(6)—Must exercise highest degree of care to provide reasonably safe place for alighting.**

It is the duty of common carriers of passengers, including street railways, to exercise the highest degree of care in providing reasonably safe and convenient places for the disembarkation of their passengers.

**2. Carriers ⚌303(6)—Must select reasonably safe and convenient place for alighting.**

When a train or car stops at any place other than a regularly appointed station or stopping place, and passengers are expressly or impliedly invited to alight, it is the carrier's duty to select a place that is reasonably safe and convenient, and to know whether the place selected is of that character.

**3. Carriers ⚌303(7)—Must give alighting passenger warning of dangers of alighting place.**

If there is danger to an alighting passenger from obstructions, surface inequalities or other sources not known to him, and not plainly open to his observation, and of which the carrier's servants are bound to take notice, it is their duty to warn the passenger of the danger.

**4. Carriers ⚌314(5)—Injured passenger must allege alighting place not safe, or facts showing lack of safety.**

A complaint based on a breach of the carrier's duty to stop at a reasonably safe and convenient place for passengers to alight must either charge in terms that it stopped at a place not reasonably safe or convenient, or state facts from which such a conclusion follows as a matter of law.

**5. Carriers ⚌314(5)—Complaint held not to allege that alighting place was unsafe or inconvenient.**

In a passenger's action for injuries, an allegation that the place where defendant's car stopped to permit plaintiff to alight was dangerous for a person walking on crutches was not a sufficient allegation of lack of safety or inconvenience, where it did not allege that plaintiff was walking on crutches.

**6. Carriers ⚌314(5)—Allegation of danger to persons walking on crutches held to negative danger to other persons.**

In a passenger's action for injuries, an allegation that the place where defendant stopped its car for plaintiff to alight was dangerous for a person walking on crutches was a negation of danger for persons normally conditioned and not walking on crutches.

**7. Pleading ⚌9—Complaint held not to show dangerous place to alight without conclusion of law to that effect.**

In a passenger's action for injuries, a count alleging that the ground at the place where defendant's car stopped for plaintiff to alight was irregular and rough and a considerable distance below the last step of the car, and that there was no platform, did not show that the place

---

⚌For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was not safe for disembarkation, since where facts are stated which are of equivocal significance the pleader must color them by charging the conclusion relied on.

**8. Damages ☞158(2)—Injury to bladder not provable under complaint charging breaking of·leg.**

Where the complaint in an action for injuries alleged that plaintiff broke one of his legs, and that from the injuries so received he had suffered,· and would suffer, pain, and had lost and would lose much time, and had been permanently injured ·and disabled, there could be no recovery for any injury to the bladder, though proximately caused by the breaking of the leg, or by the medical treatment and physical confinement and disability resulting therefrom.

**9. Damages ☞158(2)—Characteristics and consequences of injuries need not be described.**

The rule requiring special damages to be pleaded does not require that the complaint in an action for personal injuries shall describe in detail all the characteristics and consequences of the injuries or wounds sustained, and extreme particularity is not required.

**10. Carriers ☞314(5)—Complaint held sufficient to charge wanton negligence towards crippled passenger.**

In a passenger's action for injuries, a count of the complaint, alleging that defendant's serv-. ants knew of the irregularity, etc., of the ground at the place where he was required to alight, and that he was crippled and walked with crutches, and that it was dangerous for him to leave the car without assistance, but did not assist him, *held* to sufficiently charge wanton negligence.

**11. Carriers ☞303(8)—Failure to assist crippled passenger, knowing he would probably be injured, is wanton negligence.**

If a carrier's servants in charge of the car on which a passenger was riding knew that the ground was rough and irregular and at a considerable distance below the step at the point where he was required to alight, and knew that he was crippled and walked with crutches, and that it was dangerous for him to leave the car without assistance, it was their duty to render needed assistance, and if they failed to do so, knowing that he, would probably be injured, their negligence amounted to a wanton injury.

**12. Corporations ☞513(3)—Count for wanton negligence held not to charge direct corporate action.**

In an action for injuries, a count charging wanton negligence *held* not to charge wrongful conduct by direct corporate action so as to require proof thereof, where it expressly adopted the general averments of the complaint showing that the acts charged were the acts of defendant's servants.

**13. Trial ☞260(1)—Refusal of charges covered by those given not prejudicial.**

The refusal of requested charges was not prejudicial, where they were covered by those given.

**14. Evidence ☞537—Lay assistant in hospital held not qualified to express opinion that enlargement pressed on bladder.**

One who was not a medical or surgical expert, though he had experience as a lay assistant in hospitals, was not qualified to testify, and should not have been allowed to testify, that the enlargement on his leg at the point of a fracture pressed upon the neck of the bladder.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Wade H. Therrell, against the Mobile Light & Railroad Company, for damages for injuries as a passenger while alighting from a street car of the defendant. Judgment for the plaintiff, and the defendant appeals. Reversed and remanded.

The second count, after setting forth the facts as stated in the first count, further avers that the defendant's servants in charge of the car upon which plaintiff was a passenger knew the character of the ground at the point where it stopped its car, and knew that the ground was rough and irregular and a considerable distance below the step of said car, and knew that plaintiff was upon its car and that he was crippled and walked with crutches, and knew that he intended to leave said car at Prichard, and knew that it was dangerous for him to leave said car without assistance at the point at which said car had stopped, and that if he did so he would probably be injured, and with said knowledge and a present consciousness of said matters, the defendant stopped car at said corner, and invited plaintiff to leave said car, and did not assist him in·doing so, and by reason of the wantonness of the defendant, plaintiff on leaving said car fell and was injured as aforesaid.

Harry T. Smith & Caffey, of Mobile, for appellant.

The first count was demurrable, because not alleging that the place was dangerous, but only that it was dangerous for a person walking on crutches, without alleging that plaintiff was such a person. The second count was likewise demurrable. 142 Ala. 492, 38 South. 836; 156 Ala. 326, 47 South. 323; 91 Ala. 244, 9 South. 165; 110 Ala. 157, 20 South, 67; 116 Ala. 294, 22 South. 546; 132 Ala. 469, 32 South. 1014. The second· count alleged a corporate wrong, which was not proven, thus entitling the defendant to the affirmative charge. 140 Ala. 581, 37 South. 387; 154 Ala. 620, 45 South. 898; 141 Ala. 372, 37 South. 329; 139 Ala. 161, 34 South. 389; 152 Ala. 171, 44 South. 627, 12 L. R. A. (N. S.) 389; 153 Ala. 189, 44 South. 1032. The court erred in its charge as to recovery of damages. 139 Ala. 161, 34 South. 389; 158 Ala. 421, 48 South. 85; 94 Ala. 226, 10 South. 236; 167 Ala. 212, 52

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

South. 594; 150 Ala. 402, 43 South. 574; 7 Ala. App. 462, 61 South. 22; 162 N. Y. 193, 56 N. E. 497; 108 N. Y. Supp. 917, 124 App. Div. 29; 17 C. J. 740. In the absence of a request for assistance, there was no duty on the conductor to assist plaintiff to alight. 198 Ala. 170; 2 Ala. App. 516.

Smiths, Young & Lee, of Mobile, for appellee.

The first count was sufficient. 190 Ala. 296, 67 South. 516; 183 Ala. 224, 62 South. 772; 146 Ala. 291, 40 South. 559, 9 Ann. Cas. 852; 133 Ala. 526, 32 South. 261; 13 Ala. App. 515, 69 South. 306; 161 Ala. 306, 49 South. 909. The allegation of the second count was sufficient. 196 Ala. 63, 71 South. 701; 175 Ala. 345, 57 South. 876, Ann. Cas. 1914C, 1037; 153 Ala. 176, 44 South. 1019. If there was a variance, it must be called to the attention of the court, when the affirmative charge is requested because thereof. Rule 34, S. C. Prac.; 202 Ala. 175, 79 South. 663; 201 Ala. 160, 77 South. 687; 201 Ala. 700, 78 South. 409; 198 Ala. 214, 73 South. 464. While special damages must be alleged, to be recovered for, they may be alleged in very general terms. 164 Ala. 18, 51 South. 242, 137 Am. St. Rep. 17; 166 Ala. 481, 52 South. 35; 150 Ala. 331, 43 South. 342; 133 Ala. 233, 32 South. 13. Every contention made by the appellant is met by recent legislation, and the rules of the Supreme Court. Acts 1915, p. 815; rules 34 and 45, Supreme Court; 196 Ala. 683, 72 South. 313; 197 Ala. 473, 73 South. 33; 15 Ala. App. 385, 73 South. 657; 199 Ala. 164, 74 South. 63; 202 Ala. 222, 80 South. 44; 202 Ala. 352, 80 South. 435.

SOMERVILLE, J. The first count of the complaint is manifestly intended to charge a breach of defendant's duty to plaintiff, in that defendant's street car was stopped, and plaintiff was invited to alight therefrom, at a place not safe and convenient for that purpose.

It is shown that plaintiff was a pay passenger on defendant's car, his destination being the village of Prichard; and the averment is that—

"When said car reached Prichard it was, by the servants in charge thereof, stopped at a point where there was no platform, and where the ground was irregular and rough, and a considerable distance below the last step of said car, and where it was dangerous for a person on crutches to alight; and when plaintiff, at the invitation of the defendant, attempted to alight from said car, the irregularities of the ground, and its distance below the step of the car from which plaintiff had to alight, caused him to fall and to break one of his legs at a point above the knee."

It is further averred that—

"Defendant negligently stopped its said car at said point, and invited plaintiff to there leave the car, and that plaintiff's injuries were the proximate result of the defendant's said negligence."

[1-3] It is the duty of common carriers of passengers, including street railways, to exercise the highest degree of care in providing reasonably safe and convenient places for the disembarkation of their passengers. Montgomery St. Ry. Co. v. Mason, 133 Ala. 508, 527, 32 South. 261; Mobile, etc., R. Co. v. Walsh, 146 Ala. 295, 40 South. 560; 10 Corp. Jur. 924 (§ 1348); Id. 944 (§ 1363). And when a train or car stops at any place other than a regularly appointed station or stopping place, and passengers are there expressly or impliedly invited to alight, it is the carrier's duty to select a place that is reasonably safe and convenient, and it is its further duty, acting through its servants in charge, to know whether the place selected is of such a character. 10 Corp. Jur. 914 (§ 1340); Id. 939 (§ 1360); Mobile, etc., R. Co. v. Walsh, 146 Ala. 295, 40 South. 560; N. B. Ry. Co. v. Liddicoat, 99 Ala. 545, 13 South. 18. And if, nevertheless, there is danger to an alighting passenger from obstructions, or surface inequalities, or other sources, not known to him and not plainly open to his observation, and of which the carrier's servants are bound to take notice, it is the duty of the latter to warn the passenger of the danger. 10 Corp. Jur. 925 (§ 1349).

[4] A complaint counting upon a breach of the carrier's duty to stop at a reasonably safe and convenient place for an invited disembarkation of its passengers must either charge in terms that it stopped at a place that was not reasonably safe or convenient, or else it must state facts from which that conclusion follows as a matter of law. 10 Corp. Jur. 1006 (§ 1412); Montgomery St. Ry. Co. v. Mason, 133 Ala. 508, 32 South. 261.

[5, 6] The first count of the complaint is without averment as to the unsafety or inconvenience of the place at which defendant's car stopped, and at which plaintiff was injured in the course of his disembarkation, except only that it "was dangerous for a person walking on crutches," and there is no averment that plaintiff was walking on crutches. Manifestly, there was no duty resting on defendant to make stops and invite disembarkations only at places which were safe for persons "walking on crutches." Construing the complaint more strongly against the pleader, the stated conclusion that the place was dangerous for persons "walking on crutches" must be taken as a negation of danger for persons normally conditioned, and hence there is a failure to show a breach of defendant's legal duty in the premises.

[7] But if we disregard the qualifying conclusion referred to, and look to the statement of physical conditions at the stopping place, upon which the charge of negligently stopping at that point is based, it seems clear

that the count is defective in its conclusion of negligence thereon. Certainly the absence of a platform, the fact that the ground was "irregular and rough," and the fact that the ground was "a considerable distance below the last step of the car," cannot, either separately or in combination, support the legal conclusion that the place was not safe for disembarkation. Where facts are stated which are of equivocal significance, the pleader is required, as against an apt demurrer, to color the facts by charging the conclusion relied on. Here the descriptive terms as to the nature of the ground, and its distance below the step, are relative only, and are too vague and uncertain of import to sustain the required conclusion. This objection to the count was pointed out by appropriate grounds of demurrer, and as for that the demurrer should have been sustained, and was erroneously overruled.

[8] Plaintiff's evidence tended to show that as a proximate result of his broken leg, and of its protracted treatment in a hospital, his bladder became infected, resulting in chronic functional disorder and severe pain and inconvenience; and with respect to that injury the trial judge, at plaintiff's request, instructed the jury as follows:

"If the suppression of plaintiff's urine is in part the result of infection caused in the course of his treatment of the injuries to his leg, then plaintiff, if entitled to recover anything, may recover for his suffering and disability, if any, resulting therefrom."

The complaint, under which such damages were thus expressly allowed to be recovered, contained only the following allegations of injury:

"* * * Caused him to fall and to break one of his legs at a point above the knee, and *from the injuries* so received he has suffered, and will continue to hereafter suffer, greatly in body and mind, and has lost and will continue to lose much time, and he has been permanently injured and disabled. [Italics ours.] It will be observed that the only injury averred is a *broken leg*, and that the only consequential damage averred is predicated upon that specific injury. The physical and mental suffering, loss of time, and permanent disability, for which damages are specially claimed, are attributed solely and specifically to the broken leg as their causa causans; no other hurt being shown. Nor is there any general averment of bodily injury, direct or consequential. "Special damages are such as result naturally but not necessarily from the wrong complained of. * * * It is a familiar rule of pleading that, before such damages can be recovered, they must be specially alleged, to the end that the defendant, apprised by general averments of damage of a claim of such only as necessarily result from the wrong, may not be taken by surprise on the trial. And upon such special averment there must be strict correspondence of proof; the defendant has a right to assume that that which is thus particularly alleged, and that only, will be attempted to be proved, and to

prepare for the trial accordingly." A. G. S. R. R. Co. v. Tapia, 94 Ala. 226, 231, 10 South. 236, 237; Irby v. Wilde, 150 Ala. 402, 43 South. 574; City Delivery Co. v. Henry, 139 Ala. 161, 34 South. 389; Dowdall v. King, 97 Ala. 635, 12 South. 405.

[9] This rule does not require that the complaint shall describe in detail all the characteristics and consequences of the injuries or wounds sustained, and extreme particularity is not required. City Delivery Co. v. Henry, supra; B. R., L. & P. Co. v. Girod, 164 Ala. 18, 51 South. 242, 137 Am. St. Rep. 17. Hence, we have been quite liberal in permitting a recovery for special injuries in cases where the complaint contained an averment of general injury comprehensive enough to include, by fair intendment, the particular injury proven but not specifically charged. Illustrations of such liberality will be found in B. R., L. & P. Co. v. Brown, 150 Ala. 331, 43 South. 342; B. R., L. & P. Co. v. Girod, 164 Ala. 10, 51 South. 242, 137 Am. St. Rep. 17; Grasselli Chemical Co. v. Davis, 166 Ala. 171, 481, 52 South. 35.

In its general aspects, the case of Kleiner v. Third Av. R. Co., 162 N. Y. 193, 199–201, 56 N. E. 497, is much like the instant case. There, under a complaint alleging specific physical injuries—contusions to head, body and arms, laceration of scalp, causing severe nervous shock, concussion of brain, injury to eyesight, and permanent injury—it was held that plaintiff could not recover for a disordered heart, a paralysis of the dorsal muscle, disordered menstruation, vertigo, or curvature of the spine; it not appearing that such diseases, though they may have been the proximate result of the nervous shock suffered, "necessarily and immediately" flowed therefrom. The court observed:

"In this case the allegations were unlike those in the *Ehrgott Case*, 96 N. Y. 264, 277 [cited in Grasselli Chemical Co. v. Davis, supra] as the plaintiff particularly specified several injuries which she sustained by reason of the accident, and alleged that she thereby sustained permanent injuries, thus, in effect, limiting her permanent injuries to those previously alleged."

The same stricture is applicable to the complaint as here exhibited.

We are clear to the conclusion that there could be no recovery, under the specifications of this complaint, for any disease or disorder of the bladder, though it were proximately caused by the breaking of plaintiff's leg, or by the medical treatment and physical confinement and disability resulting therefrom.

A just application of this rule of pleading would require either a specification of that injury, or a claim for general bodily injury comprehensive enough to include that special injury, and not in terms confined to the sequelæ of a broken leg.

We hold that the trial judge erred in his

instruction to the jury authorizing a recovery for the suffering and disability resulting from the suppression of plaintiff's urine, and also in refusing to give at defendant's request charge "D," covering the same proposition.

[10, 11] The second count of the complaint sufficiently avers facts which support the implication of wanton negligence on the part of defendant's servants in charge of the car, with respect to the stopping of the car and inviting plaintiff to alight without warning or proffer of assistance. Under the circumstances averred, it became the duty of defendant's servants, or of one of them, to render needed assistance to plaintiff. Williams v. L. & N. R. R. Co., 150 Ala. 324, 43 South. 576, 10 L. R. A. (N. S.) 413; C. of G. Ry. Co. v. Carlisle, 2 Ala. App. 514, 56 South. 737; 10 Corp. Jur. 932 (§ 1353). And if, under such circumstances, defendant's servants knew that plaintiff would probably be injured, the negligence charged amounted to a wanton injury.

[12] This count is not subject to the construction that it charges wrongful conduct by direct corporate action, so as to bring it within the rule of proof required in the case of City Delivery Co. v. Henry, 139 Ala. 161, 34 South. 389. On the contrary, the general averments of the complaint, which are expressly adopted as a part of the count, show that the acts in question were the acts of defendant's servants in charge of the car.

[13] The trial judge refused to give a number of charges, requested by defendant in writing, which denied a recovery by plaintiff under the second count unless the evidence showed to the reasonable satisfaction of the jury all of the matters averred therein as a basis for the liability charged. The matters thus averred were material, and proof of them was essential to a recovery. These charges seem to be covered, however, by given charges 1 and "X" (3), and their refusal was not prejudicial.

[14] We think the trial court erred in allowing the plaintiff to testify that the enlargement on his leg at the point of fracture "pressed upon the neck of his bladder." Notwithstanding his experience as a lay assistant in hospitals, he was not a medical or surgical expert, and as a matter of common sense he could not have known the fact, and was not qualified to testify to it as a fact, since it was not open to the perception of his senses. C. of G. Ry. Co. v. Jones, 170 Ala. 611, 615, 54 South. 509, 37 L. R. A. (N. S.) 588; Clemons v. State, 167 Ala. 20, 31, 32, 52 South. 467; 22 Corp. Jur. 675 (§ 765); Id. 661 (§ 758). It may, indeed, be doubted whether even the most experienced surgeon would venture to state such a conclusion without the aid of an X-ray examination.

Many other questions are presented by the assignments of error, chiefly upon the giving and refusing of charges, including the refusal of the general affirmative charge for defendant on the second count.

We deem it unnecessary to pass upon all of those questions, and what we have said will suffice for the purposes of another trial.

Let the judgment be reversed, and the cause remanded, for the reasons above set forth.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.