## CENTRAL OF GEORGIA RY. CO. v. THOMAS. (6 Div. 318.)

(Court of Appeals of Alabama. April 7, 1925. Rehearing Denied May 19, 1925.)

**1. Carriers ⬅246—Relation of carrier and passenger between plaintiff and defendant held shown.**

Proof that plaintiff boarded regular passenger train at regular station, and rode in regular passenger coach for several hours, and was seen by conductor and not interrogated or ordered to leave train, or otherwise molested, was prima facie proof that he was accepted and being carried as a passenger, and, in absence of evidence to contrary, was sufficient to show that he was a passenger.

**2. Carriers ⬅320(3)—Question of defendant's negligence vel non in ordering minor passenger to place heavy suit case in rack held for jury.**

In minor passenger's action for injuries sustained when ordered by conductor to place heavy suit case in rack of passenger coach, question of defendant's negligence vel non *held* for jury.

**3. Trial ⬅139(1)—Refusal of general affirmative charge not error; where jury question presented.**

Court did not err in refusing to give general affirmative charge, where jury question was presented.

**4. Appeal and error ⬅294(1)—Sufficiency of evidence to support verdict not considered, where no motion to set aside verdict was made.**

Where no motion to set aside verdict was made, appellate court could not consider sufficiency of evidence to support it.

**5. Witnesses ⬅240(4)—Question to witness held properly excluded as being leading.**

In passenger's action for injuries, question asked defendant's witness, "You never felt unkindly toward the boy, did you?" was properly excluded as leading.

**6. Evidence ⬅514(3)—How suit cases in aisles would interfere with railway's business not matter for expert testimony.**

Question as to how suit cases in aisles of railway coaches might interfere with carrying on business of carrying passengers *held* properly excluded as relating to a matter of common knowledge not requiring expert testimony.

**7. Trial ⬅206—Duty of jury to construe evidence to make witnesses speak truth.**

It was duty of jury in weighing evidence to put that construction thereon which would make all witnesses speak the truth, if reasonably possible, and charge to that effect was proper.

**8. Carriers ⬅321(23)—Duty of carrier's servants to exercise highest degree of care; and charge on degree of care held not abstract.**

It was duty of railroad conductor and its servants in charge of train to exercise highest degree of care and diligence in conserving safety of passenger, and it was responsible for slightest negligence on their part proximately causing injuries to passenger; and charge to that effect was not abstract in action for injuries to minor whose evidence showed he was commanded by conductor to put heavy suit case in rack.

**9. Trial ⬅253(4)—Charge held properly refused, where it pretermitted liability for negligent omission of duty.**

In passenger's action for injuries, charge that burden was on plaintiff to prove that defendant's servants were guilty of some wrongful act which proximately caused injury to plaintiff *held* properly refused, since it pretermitted liability for a negligent omission of its servants to do that which it was their duty to do.

**10. Trial ⬅228(3)—Charge held properly refused as inapt.**

In passenger's action for injuries, charge that jury was not allowed to speculate as to damages plaintiff might have suffered by being requested to remove a suit case, and that plaintiff to recover more than nominal damages was required to reasonably satisfy jury of damages which directly flowed and proximately resulted from such request, *held* properly refused as being inapt.

Appeal from Circuit Court, Jefferson County; Dan A. Green, Judge.

Action for personal injuries by Reginald Thomas, a minor suing by his next friend, Olga Adams, against the Central of Georgia Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

These charges were given at plaintiff's request:

"The court charges the jury that it is the duty of the jury in weighing the evidence to put that construction upon the evidence as will make all the witnesses speak the truth, if reasonably possible."

"The court charges the jury that it was the duty of the defendant's conductor and every

<hr>

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

servant of the defendant in charge of the operation of said train to exercise the highest degree of care, diligence, and skill in conserving the safety of the plaintiff, and the defendant is responsible for the slightest negligence on their part proximately causing injury to the plaintiff."

These charges—the bases of assignments 6 and 7—were refused to defendant:

"The burden is on the plaintiff to reasonably satisfy from the evidence that the defendant's servants or agents were guilty of some wrongful act which proximately caused injury to the plaintiff."

"The jury is not allowed to speculate as to the damages, if any, the plaintiff may have suffered on account of the alleged wrong in requesting the removal of the suit case, if you believe from the evidence such request was made and was wrongful. If you are reasonably satisfied from the evidence that the plaintiff is entitled to recover, the plaintiff, to recover more than nominal damages, must reasonably satisfy you from the evidence, of damages which directly and proximately flowed and resulted from such request or instruction."

Nesbit & Sadler, of Birmingham, for appellant.

Liability of a carrier for negligence is predicated upon the existence of the relation from which the duty arises, which plaintiff must affirmatively show. Mobile L. & P. Co. v. Ellis, 207 Ala. 109, 92 So. 106. Not all acts resulting in injury are negligent. Sou. Ry. v. Hayne, 209 Ala. 186, 95 So. 879; C. of G. v. Carlisle, 2 Ala. App. 514, 56 So. 737; L. & N. v. King, 198 Ala. 168, 73 So. 456; A. C. L. v. Farmer, 201 Ala. 603, 79 So. 35. The giving of an order is not negligent merely because it can be obeyed in a dangerous manner. Richmond & R. Co. v. Bivins, 103 Ala. 142, 15 So. 515; Woodward Iron Co. v. Wade, 192 Ala. 651, 68 So. 1008; Williams v. Anniston Elec. Co., 164 Ala. 84, 51 So. 385; Seagle v. Stith Coal Co., 202 Ala. 3, 79 So. 301.

W. A. Denson, of Birmingham, for appellee.

The charge given for plaintiff is correct. Montgomery S. R. Co. v. Mason, 133 Ala. 527, 32 So. 261. Counsel discusses other questions, but without citing additional authorities.

RICE, J. This was an action by appellee against appellant claiming damages for injuries received by him while a passenger on one of appellant's trains.

The evidence for the plaintiff (appellee) tended to show that he got on one of defendant's passenger trains at Alexander City, Ala., which was coming to Birmingham, Ala., that he was at the time between 13 and 14 years of age; that he boarded the train with a heavy suit case filled with hams, Victrola records, and other articles; that the sides of the suit case were bulging; that he plac-

ed the suit case in the aisle of the coach near his seat; that the conductor of the train directed (commanded) him to place the suit case in the rack above; that he did so, but in doing so wrenched his back, causing considerable pain thereto from which he has suffered greatly, and for which injuries he claims damages of the defendant.

The evidence for the defendant tended to show that the conductor of the train did not direct the plaintiff to place the suit case on the rack, and that the rules and regulations of the railway company required the aisles of the coaches to be cleared of suit cases and luggage.

The defendant requested, in writing, the general affirmative charge in its favor, and its refusal is urged upon us as error that should reverse the case. Two insistences are made: First, that there was no proof of the existence of the relation of carrier and passenger between the defendant and the plaintiff; and, second, that no negligence on the part of defendant's agents or servants was shown.

[1] As to the first proposition, we think that the facts shown that plaintiff boarded one of defendant's regular passenger trains at Alexander City and rode in the regular coach provided for passengers for several hours, and was seen and observed by defendant's conductor in charge of its said train, and not interrogated, or ordered to leave the train, or otherwise molested, was at least prima facie proof that he was accepted and being carried as a passenger, and, in the absence of any evidence to the contrary, was sufficient to maintain the allegation in the complaint that he was a passenger.

[2] As to the second proposition, the record shows that the plaintiff was a child between 13 and 14 years of age, and the testimony as to the size and weight of the suit case, and the order given by the defendant's conductor to the plaintiff, we think, under the scintilla rule which prevails in our state, and by which we are bound, was sufficient to be submitted to the jury on the question of negligence vel non of the said conductor which proximately caused plaintiff's injuries.

[3] The court did not err in refusing to give the said general affirmative charge. Williams v. L. N. R. R. Co., 150 Ala. 324; 43 So. 576, 10 L. R. A. (N. S.) 413.

[4] No motion to set aside the verdict was made, hence we cannot consider the sufficiency of the evidence to support same.

[5, 6] The question asked on direct examination of defendant's witness Willmott, "You never felt unkindly toward the boy, did you?" was palpably leading, and objection thereto was properly sustained. The same witness was asked on direct examination, "If suit cases are in the aisles of the coaches, in what way might their presence interfere

with carrying on the business of carrying passengers?" There was no error in sustaining the objection to this question. The jury could say, as well as the witness. The matter inquired about is one of common knowledge and does not require expert testimony, and there was no occasion for letting witness give his opinion or conclusion.

[7, 8] The charges given at plaintiff's request stated correct and approved principles of law, and were not abstract. The court's action in giving them was free from error.

[9] The charge, refused to defendant, made the basis of assignment of error No. 6, was faulty, in that it pretermitted liability of defendant for a negligent omission, or failure, on the part of its servants or agents to do that which it was their duty to do.

[10] The charge made the basis of assignment of error No. 7 seems to have been inaptly drawn, and its refusal was proper.

We find no prejudicial error in the record, and the judgment of the trial court will be affirmed.

Affirmed.