**LAROSA v. N. O. PUBLIC SERVICE, INC.**

———

(April 1, 1929. Opinion and Decree.)

———

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

JONES, J. Plaintiff sues for $2,249.00 damages for personal injuries, loss of time, etc., alleged to have been caused by the negligence of the defendant company. The basis of his charge of negligence is that the car was started without warning, just as he was about to step from the rear platform to the ground, and he was precipitated unknowingly into a trench, or hole, about ten feet long, three feet wide and more than six feet deep, which had just been dug by defendant company alongside of the track. He further alleges that the hole had no barricade and that he suffered two broken ribs and minor injuries.

The defendant denied all allegations of negligence and averred that plaintiff's injuries, if any, were caused by his own carelessness in alighting from the car.

There was judgment for defendant and plaintiff has appealed.

The evidence shows the following:

The gas department of the defendant company, under a general permit from the city, on the afternoon of December 11, 1926, about 2:30 p. m., were laying a gas pipe at the corner of Dumaine and South Carrollton Avenue, in this city; that they had just dug a trench about ten feet long, five feet deep and three feet wide at the downtown river corner of Dumaine and Carrollton, the said trench beginning about the river property line on Carrollton and extending out Dumaine toward the lake about ten feet, at a distance about eighteen inches from the car track. The car, which was going out Dumaine Street towards the lake, stopped a little short of its usual place, about 35 or 38 feet on the river side of the hole, where two passengers alighted without trouble. When the car started forward, plaintiff, who was seated in the rear, heard the two signal bells for starting and suddenly realized that he was passing his corner. He went quickly to the rear platform, carrying a paper, an umbrella and a package in his hand, and stepped off the car, although warned by the conductor to watch his step; he stepped either into the hole or so close to the edge that he was necessarily carried into it.

He fell on a negro wh was working in the hole at the time and broke two of his ribs and suffered other minor injuries; Peter Farrell and Ike Washington were working in the hole at the time and Cassebonne, the foreman of the gang, was standing on the downtown side of the trench, about the middle; Dave Johnson was flagging traffic about near the river end of the hole and John Williams was receiving the dirt as it was thrown out on the downtown side.

It is apparent from the above findings that plaintiff, having become immersed in reading his paper, or in something else, failed to notice when the car stopped and, when he heard the starting bell, suddenly realized that he was about to pass his corner; that he then hurried to the platform and jumped off the car, in spite of the conductor's warning, without paying any attention to what was immediately in front of him.

Plaintiff contends that it was negligence for the railroad company to permit him to descend from the car without a special notice or warning of the existence of the trench, which had been dug by the side of the track. In support of this doctrine, he cites two cases: Leverett vs. Shreveport Belt Railway Co., 110 La. 399, 34 So. 579, and Gates vs. Railway Co., 141 La.. 946, 75 So. 1002.

· The first case cited tends to support the position taken by defendant under the facts found above, for paragraph 3 of the syllabus reads as follows:

"Even should a railway company be under no direct obligation to repair or keep in good condition the bridges or streets along its line of way, it should avoid stopping its cars at places where it is not safe for passengers to embark or alight. It should either stop its cars short, or pass them beyond the danger points."

Here, the car was purposely stopped short of the danger in a safe place.

The Gates case has no application, as the court found that the iron stake leaned inward, over the car step, and struck the plaintiff as he stood on the platform.

In Gibson vs. Shreveport Traction Co., 142 La. 497, 77 So. 129, the Supreme Court said:

"A male passenger 60 years old, apparently in full possession of his physical and mental faculties, who steps from a street car, just as its motion is slowed down before it reaches and within a few feet of its stopping place, assumes the risk of a danger, which is apparent to him as to the conductor, and it is not negligence on the part of the street railroad company to permit him so to do."

In Boulden vs. Shreveport Rwys. Co., 145 La. 976, 83 So. 211, the Court said:

"Where a lady passenger upon a street car, through preoccupation, unmindful of the attempt of the conductor to warn her of the danger, attempts to alight from the car while the car is in motion, she is not entitled to recover from the company operating the car, damages for the injuries sustained."

Here, the conductor testifies that he was not aware of the hole, as this was his first trip that day; that he was standing on the extreme rear platform, about the middle; that the man came out very rapidly and stepped off in spite of his warning, before anybody could realize what he was going to do.

There is clearly no responsibility on the part of defendant and the judgment, must, therefore, be affirmed.