Williams, J.,
 

 dissenting. There is no quarrel with precedent but the instant case presents an anomalous situation. It is established that a street railway company knowing of a danger should not, in the exercise of the highest degree of care practicable upder the
 
 *397
 
 surrounding circumstances, discharge into such danger an alighting passenger apparently ignorant thereof, without warning or other effort toward avoidance of the peril.
 
 Mobile Light & Rd. Co.
 
 v.
 
 Therrell,
 
 205 Ala., 553, 88 So., 677;
 
 Mayhew
 
 v.
 
 Ohio Valley Electric Ry. Co.,
 
 200 Ky., 105, 254 S. W., 202;
 
 Gates
 
 v.
 
 New Orleans Ry.
 
 &
 
 Light Co.,
 
 141 La., 946, 75 So., 1002;
 
 Alabama Power Co.
 
 v.
 
 Hall,
 
 212 Ala., 638, 103 So., 867;
 
 Richmond City Ry. Co.
 
 v.
 
 Scott,
 
 86 Va., 902, 11 S. E., 404.
 

 These cases for the most part relate to instances of injury to a passenger hy his discharge from a car into a hole or other dangerous condition in the street, of which the company knew and the passenger did not. The risk of injury from the illegal operation of motor vehicles in the wrong and forbidden way on a street is quite as subtle a menace as a hole in the pavement at the place of alighting. There is a dearth of cases that involve a state of facts such as is presented here. The case of
 
 Tobin
 
 v.
 
 City of Seattle,
 
 127 Wash., 664, 221 P., 583, is somewhat helpful.
 

 It is a correct general rule that a street railway .company is not liable to one who has alighted from one of its cars at a regular stop and is crossing the street and receives injury by being struck by a moving automobile. However, the courts must recognize that special circumstances may arise which make it negligence for the street car company to discharge a passenger into an unusual danger of which it knows and of which the passenger is apparently ignorant. Plaintiff testified that she did not know of the illegal and dangerous traffic conditions. The defendant had knowledge of them as they had existed for a long time. There was also evidence tending to show that the conductor on defendant’s street ear knew that plaintiff was somewhat unfamiliar with the surroundings. It should make no difference whether the known ignorance of the passenger arises from immature
 
 *398
 
 years, the infirmities of body or mere unacquaintance with local, unusual and unsuspected danger.
 

 In
 
 Jacobson, Admr.,
 
 v.
 
 Omaha & Council Bluffs St. Ry. Co.,
 
 109 Neb., 356, 191 N. W., 327, 31 A. L. R., 563, the following language is used: “And in any case where there is a particular danger from a passing vehicle, which danger has become known to the company’s employee, and where it has become apparent to such employee that such danger is not known to the passenger about to alight, we take it, of course, to be the duty of the employee to notify the passenger where there is reasonable opportunity to do so.”
 

 In
 
 Mobile Light & Rd. Co.
 
 v.
 
 Therrell, supra,
 
 at page 555, the court says: “And if, nevertheless, there is danger to an alighting passenger from obstructions, or surface inequalities, or other sources, not known to him and not plainly open to his observation, and of which the carrier’s servants are bound to take notice, it is the duty of the latter to warn the passenger of the danger.”
 

 Under the special circumstances of the instant case negligence of the defendant, proximate cause and contributory negligence would seem to be questions for the jury under instructions of the court.
 

 Day and Myers, JJ., concur in the foregoing dissenting opinion.